Gregory P. Stone (SBN 78329)
Gregory.Stone@mto.com
Katherine M. Forster (SBN 217609)
Katherine.Forster@mto.com
Bethany W. Kristovich (SBN 241891)
Bethany.Kristovich@mto.com
Zachary M. Briers (SBN 287984)
Zachary.Briers@mto.com
Benjamin G. Barokh (SBN 318629)
Benjamin.Barokh@mto.com
April D. Youpee-Roll (SBN 331761)
April.Youpee-Roll@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

Attorneys for YOUTUBE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>YOUTUBE, INC.,<br><br>Defendant. | Case No. 4:20-cv-7493<br><br>**NOTICE OF REMOVAL** |

**TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant YouTube, LLC[1] hereby removes the above-entitled matter to this Court from the Superior Court of California, County of San Mateo, No. 20-CIV-04023 (the "Action"). Removal is proper for the following reasons:

**TIMELINESS OF REMOVAL**

---

[1] Plaintiff's complaint erroneously named YouTube, Inc., which does not exist. This notice is filed on behalf of YouTube LLC.

1. On September 25, 2020, Plaintiff Jane Doe served a Summons and Complaint on Defendant YouTube, Inc. On behalf of herself and all others similarly situated, Plaintiff asserts various tort and statutory claims stemming from her work as a moderator of content posted on YouTube's platform, as a result of which she alleges she suffered psychological harm. Complaint ("Compl.") ¶¶ 98–178. The complaint seeks, *inter alia*, compensatory damages and injunctive relief requiring Defendant to implement prospective safety guidelines and create a medical monitoring fund for the benefit of the putative class. Compl. pp. 28–29. True and correct copies of all process, pleadings, and orders served on Defendant as of the date of this filing are attached as Exhibit 1. *See* 28 U.S.C. § 1446(a).

2. This Notice of Removal is filed within 30 days of service of the Summons and Complaint, and is thus timely under 28 U.S.C. § 1446(b).

**GROUNDS FOR REMOVAL UNDER 28 U.S.C. § 1332(d)**

3. Removal is proper under 28 U.S.C. §§ 1446 and 1453 because this Court has jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d).

4. Covered Class Action. This Action meets CAFA's threshold definition of a class action because it is a putative class action authorized by California Civil Code section 382. *See* 28 U.S.C. § 1332(d)(1)(B) (defining "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action"); *Baumann v. Chase Inv. Serv. Co.*, 747 F.3d 1117, 1121 (9th Cir. 2014) (referring to Cal. Civ. Code § 382 as "the California class action statute").

5. Diversity. CAFA's diversity requirement is satisfied if at least one putative class member is a citizen of a different state than at least one defendant. 28 U.S.C. § 1332(d)(2)(A). Here, Plaintiff is a citizen of Texas, and Defendant is a citizen of Delaware and California, where it is incorporated and headquartered, respectively. Compl. ¶¶ 11, 13. Plaintiff purports to bring the Action "on behalf of all persons who performed content moderation work for YouTube in the United States." Compl. ¶ 91. So defined, multiple members of the class are citizens of States other than California.

6. <u>The Putative Class Exceeds 100 Members</u>. There are at least 100 members in the proposed class. *See* Compl. ¶ 93; 28 U.S.C. § 1332(d)(5)(B).

7. <u>Amount in Controversy</u>. CAFA's amount in controversy requirement is met if the claimed damages of individual class members, when aggregated, exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (6). That is the case here.[2] The putative class seeks compensatory damages, a medical monitoring fund, and other injunctive relief requiring Defendant to implement safety guidelines for all prospective content moderation operations.[3] The medical monitoring fund would pay for "specialized screening, assessment, and treatment not generally given to the public at large" that will "facilitate the ongoing screening, diagnosis, and adequate treatment of Plaintiff and the class for psychological trauma." Compl. ¶¶ 106, 127, 145, pp. 28–29. And it would do so for an indeterminate amount of time: "until it can be determined that psychological trauma is no longer a threat to their health." Compl. p. 29. Assuming a putative class of 500 members, $5,000,000 are in controversy if the average member's claim totals $10,000. It is Defendant's understanding that Plaintiffs' monetary and equitable demands described above surpass that amount.

8. <u>No CAFA Exceptions</u>. None of the exclusions to removal jurisdiction recognized by 28 U.S.C. § 1332(d) apply here.

## OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL

---

[2] An evidentiary showing of the amount in controversy is unnecessary to support a notice of removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). The notice of removal need include no more than a "plausible" assertion that the amount in controversy exceeds CAFA's jurisdictional requirements. *Id.* at 89; *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197–98 (9th Cir. 2015). By acknowledging that the amount in controversy exceeds $5,000,000, Defendant does not concede that it is liable in that amount. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

[3] These sums are properly included in the amount in controversy. *See Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

9. The U.S. District Court for the Northern District of California is the appropriate venue for removal because it embraces the place where Plaintiff originally filed this case, San Mateo County, California. *See* 28 U.S.C. §§ 1441(a), 1446(a), 1453(b).

10. Upon filing this Notice of Removal, Defendant will furnish written notice to Plaintiff's counsel and will file a copy with the Clerk of the Superior Court of California, County of San Mateo. *See* 28 U.S.C. § 1446(d).

11. This Notice of Removal is filed subject to and with full reservation of rights. No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, motions, and pleas are expressly reserved.

WHEREFORE, Defendant removes to this Court the above action pending against it in the Superior Court of California, County of San Mateo.

DATED: October 24, 2020        **MUNGER, TOLLES & OLSON LLP**

By: */s/ Zachary M. Briers*
　　　Zachary M. Briers
Attorneys for YOUTUBE, LLC