# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JANE DOE,**<br><br>Plaintiff,<br><br>vs.<br><br>**YOUTUBE INC.,**<br><br>Defendant. | CASE NO. 20-cv-07493-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 16 |

On September 21, 2020, plaintiff filed this putative class action against defendant YouTube LLC (incorrectly sued as YouTube Inc.) in San Mateo County Superior Court. Defendant filed a motion to dismiss the complaint. (Dkt. No. 16.) Having carefully considered the briefing and arguments submitted on the motion, and for the reasons stated on the record at the July 13, 2021 hearing, the Court **GRANTS** the motion to dismiss **WITH LEAVE TO AMEND** as the complaint, at a minimum, requires additional allegations given the novel theories.

First, with respect to the strict liability claim, plaintiff does not oppose the motion. Second, with respect to the negligence claims, plaintiff has not sufficiently explained what role, if any (or lack thereof), her employer Collabera had over her work relative to YouTube. Without additional allegations, the Court cannot discern whether a claim is plausibly stated. Third, with respect to the UCL claims, plaintiff has not alleged the relevant conduct in California justifying extraterritorial application of the UCL. *See Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011) ("[T]he presumption against extraterritoriality applies to the UCL in full force."). Moreover, plaintiff, as a former content moderator, lacks standing to seek relief in the form of YouTube's implementation of safety guidelines. *See Walsh v. Nev. Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (concluding that plaintiff requesting an injunction requiring her former employer to adopt and enforce lawful policies "lacked standing to sue for injunctive relief from which she would not likely benefit"). As to the requested medical monitoring program, plaintiff has failed to

sufficiently plead the inadequacy of legal remedies necessary to state a claim for such relief under the UCL. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (holding that plaintiff failed to state UCL claim where complaint "fail[ed] to explain" how the sum "requested in damages to compensate her for the same past harm" was "inadequate or incomplete").

Accordingly, the complaint is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff shall file an amended complaint no later than **30 days** from the date of this Order. Defendant shall file a response **21 days** after filing. Should defendant file a renewed motion to dismiss, it may not raise new issues which could have been raised in the instant motion.

This Order terminates Docket Number 16.

**IT IS SO ORDERED.**

Dated: July 14, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**