# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

**JANE DOE,**

               Plaintiff,

      v.

**YOUTUBE, INC.,**

           Defendant.

CASE NO.  20-cv-07493-YGR

**AMENDED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SETTING DEADLINES FOR NOTICE, OBJECTION, EXCLUSION, AND FINAL FAIRNESS HEARING**

Re: Dkt. No. 48, 49

On August 18, 2022, the Court held a hearing on the unopposed motion of plaintiff Jane Doe's motion for preliminary approval of the parties' proposed settlement; provisional certification of the Settlement Class; appointment of plaintiff's counsel as Settlement Class Counsel; approval of the proposed Notice Plan; approval of the proposed settlement administrator; and to set a date for the hearing on final approval of the settlement.[1] (Dkt. No. 49.)  At that hearing, the Court advised the parties of several elements of the settlement about which the Court required further information before it could grant plaintiff's motion, including that plaintiff needed to file an amended complaint.  Beginning on August 19, plaintiff filed documents addressing the Court's concerns, including an amended complaint.

Having considered the motion briefing, the arguments of counsel, the relevant law, the terms of the settlement agreement and the class notice, as well as the record in this case, and based on the reasons and terms set forth herein, the Court **GRANTS** the motion for preliminary approval of the class action settlement.

## I.  Conditional Certification of the Class

The Settlement Agreement, attached hereto as **Exhibit A**, defines the class as:

> [A]ll Content Moderators (other than Excluded Persons) who performed work in the United States as an employee or subcontractor of a YouTube Vendor from January 1, 2016, to the date of Preliminary Approval.

---

[1] The Court also **GRANTS** plaintiff's motion to seal at docket number 48.

This class excludes:

> "(a) the Settlement Administrator; (b) employees, officers, and directors of YouTube; (c) any judge presiding over the Action and that judge's immediate family members; and (d) Persons who properly and timely opt out of the Settlement Class by submitting a Request for Exclusion in accordance with Section 8.1."

The Court finds that, for purposes of settlement, plaintiff has satisfied the requirements of Rule 23(a) as well as the requirements for certification under one or more subsections of Rule 23(b).  With respect to numerosity under Rule 23(a)(1), the Settlement Class includes approximately 1,300 members, making it so numerous that joinder of all members is impracticable.

Rule 23(a)(2) commonality requires "questions of fact or law common to the class," though all questions of fact and law need not be in common.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).  Plaintiff brought the following causes of action: Negligence (Abnormally Dangerous Activity); Negligence (Negligent Exercise of Retained Control); Negligence (Negligent Provision of Unsafe Equipment); violation of the California Unfair Competition Law ("UCL"); and violation of the UCL as a "special employer." (*See* Dkt. No. 57, Amended Complaint ("Comp."). The focus of this action is common to all class members, namely whether defendant failed to provide adequate resources to mitigate and address trauma experienced by moderators as a result of viewing graphic content.

Rule 23(a)(3) requires that plaintiff shows that the claims or defenses of the representative party is typical of the claims or defenses of the class. Plaintiff's and members of the Settlement Class's claims all stem from the same alleged conduct, making plaintiff's claims typical of class members.

With respect to Rule 23(a)(4), the Court finds that the representative party and her counsel have fairly and adequately represented the interests of the Settlement Class.  No conflicts of interest appear as between plaintiff and the members of the Settlement Class.  Plaintiff's counsel are well versed in this area of the law and have demonstrated that they are qualified and have experience with prosecuting class actions of this kind and therefore are therefore qualified to act as

United States District Court
Northern District of California

1   Class Counsel.

2       The Settlement Class further satisfies Rule 23(b)(3) in that common issues predominate

3   and a class action is superior to other available methods for fairly and efficiently adjudicating the

4   claims here.

5       Based on the foregoing, the proposed class is conditionally certified pursuant to Rule

6   23(c).

7       **2.  Class Representatives and Class Counsel**

8       Plaintiff Jane Doe is appointed the Class Representative.  Joseph Saveri Law Firm, LLP

9   and Burns Charest, LLP are appointed as Class Counsel.

10      Class Counsel argue that they conducted significant research and investigation in

11  prosecution of this action.  With respect to the named plaintiff, she has actively furthered the

12  interests of the class by coming forward with this case despite her concern about retaliation and by

13  providing necessary information to Counsel.  Named plaintiff appears to have no conflict of

14  interest with the Settlement Class and have suffered the same alleged injury as all Settlement Class

15  members.

16      **3.  Settlement Agreement**

17      In summary, the settlement provides $4,269,070 to the settlement fund to be distributed

18  equally to class members as well as injunctive relief, estimated to be worth $ 3,900,000.00.  (*See*

19  Ex. A, Settlement Agreement; Dkt. No. 58 at 2.).  The Settlement Agreement appears to have been

20  the product of arm's length and informed negotiations.  The relief provided for the Settlement

21  Class appears to be adequate, taking into account:

22      (i) the costs and risks associated with trial and appeal;

23      (ii) the effectiveness of any proposed method of distributing relief to the class, including

24  the method of processing class-member claims;

25      (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

26      (iv) any agreements required to be identified under Rule 23(e)(3) (in this case, none).

27      Moreover, the Settlement Agreement appears to treat class members equitably relative to

28  each other.

United States District Court
Northern District of California

United States District Court
Northern District of California

Accordingly, the Settlement Agreement is granted preliminary approval pursuant to Rule 23(e)(2).  Based upon the information before the Court, the Settlement Agreement falls within the range of possible approval as fair, adequate and reasonable, and there is a sufficient basis for notifying the class and for setting a Fairness and Final Approval Hearing.

**4. Plan of Allocation**

The allocation plan provides an equal per capita payment to every member of the Settlement Class.  The Court preliminarily approves the proposed plan of allocation set forth in the motion and the revised class notice.  Settlement Class members will receive a settlement share unless they submit a valid and timely request for exclusion.

**5. Notice Plan**

The parties' proposed notice plan appears to be constitutionally sound in that plaintiff has made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Settlement Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the Settlement Agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

The Court approves the revised form of the proposed Class Long Notice attached as **Exhibit B** to this Order. The notice is sufficient to inform Settlement Class members of the terms of the Settlement Agreement, their rights under the Settlement Agreement, their rights to object to or comment on the Settlement Agreement, their right to receive a payment or opt out of the Settlement Agreement, the process for doing so, and the date and location of the Fairness and Final Approval hearing, and is therefore **APPROVED**.

**6. Settlement Administrator**

KCC, LLC is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement.

The Settlement Administrator shall distribute the Class Notice according to the notice plan described in the Settlement Agreement and substantially in the form approved herein, no later than

**30 days** from entry of this order ("Notice Date").  Proof of distribution of the Class Notice shall be filed by the parties in conjunction with the motion for final approval.

Defendant is directed to provide to the Settlement Administrator the Settlement Class members' contact data as specified by the Settlement Agreement within **14 days** of this order.

### 7. Exclusion/Opt-Out

Any Settlement Class member shall have the right to be excluded from the Settlement Class by mailing a request for exclusion to the Settlement Administrator no later than **90 days** from entry of this order.  Requests for exclusion must be in writing and must set forth the name and address of the person who wishes to be excluded, and must be signed by the Settlement Class member seeking exclusion.

Any Settlement Class member who does not request exclusion from the settlement class as provided above shall be bound by the terms and provisions of the Settlement Agreement upon its final approval, including but not limited to the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person objected to the Settlement Agreement and whether or not such person makes a claim upon the settlement funds.

### 8.  Objections

Any Settlement Class member who has not submitted a timely request for exclusion from the Settlement Agreement shall have the right to object to (1) the Settlement Agreement, (2) the plan of allocation; and/or Class Counsel's motion for attorneys' fees and Class Representative awards by sending to the Court a written objection and stating whether they intend to appear at the Fairness Hearing, as set forth in the Class Notice, no later than **90 days** from entry of this order. Failure to submit a timely written objection will preclude consideration of the Settlement Class member's later objection at the time of the Fairness Hearing.

### 9.  Attorneys' Fees and Class Representative Awards

Plaintiff and his counsel shall file their motion for attorneys' fees and for Class Representative awards no later than **50 days** from entry of this order.  Counsel is reminded that the Court does not typically award 32.7% of the gross settlement fund as fees and that any request for the same will need to be accompanied by detailed time records.  Each Settlement Class member

1 shall have the right to object to the motion for attorneys' fees and Class Representative awards by

2 filing a written objection with the Court as stated in paragraph 8 above.

3      Plaintiff shall file a reply brief responding to any timely objection within **14 days** of the

4 objections deadline.

5     **10.  Fairness and Final Approval Hearing**

6      All briefs, memoranda and papers in support of final approval of the final settlement shall

7 be filed no later than **14 days** after the approval deadline.

8      The Court will conduct a Fairness and Final Approval Hearing to determine whether the

9 Settlement Agreement should be granted final approval as fair, reasonable, and adequate as to the

10 Class.  The Court will hear all evidence and argument necessary to evaluate the Settlement

11 Agreement and will consider Class Counsel's motion for attorneys' fees and for Class

12 Representative awards.

13      The Court reserves the right to continue the date of the final approval hearing without

14 further notice to Class members.

15      The Court retains jurisdiction to consider all further applications arising out of or in

16 connection with the Settlement.

17     **11.  Post-Distribution Accounting**

18      If final approval is granted, the parties will be required to file a Post-Distribution

19 Accounting in accordance with this District's Procedural Guidance for Class Action Settlements

20 and at a date set by the Court at the time of the final approval hearing.  Counsel should prepare

21 accordingly.

| Summary of Key Dates | |
|---|---|
| **Event** | **Date** |
| Class data to be provided to Settlement Administrator | **Within 14 days of this order** |
| Notice Campaign and Claims Period Begins ("Notice Date") | **Within 30 days of this order** |
| Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards | **Within 50 days of this order** |

*United States District Court*
*Northern District of California*

| Exclusion and Objection Deadline | **Within 90 days of this order** |
|---|---|
| Motion for Final Approval | **Within 14 days of the Exclusion and Objection Deadline** |
| Response to Objections | **Within 14 days of the Exclusion and Objection Deadline** |
| Final Approval Hearing | **Class counsel shall schedule the Final Approval Hearing for no less than 35 days from the date of filing the motion for final approval. The hearing shall be scheduled on the Court's regular law and motion calendar.** |

IS SO ORDERED.

This terminates docket numbers 48 and 49.

Dated: September 30, 2022

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

United States District Court
Northern District of California

7

# EXHIBIT A

## CLASS SETTLEMENT AND RELEASE AGREEMENT
Dated: September 8, 2022

This Class Settlement and Release Agreement ("**Agreement**") is entered into by and among Plaintiff Jane Doe ("**Plaintiff**") and Defendant YouTube, LLC ("**Defendant**" or "**YouTube**"). Plaintiff and Defendant are referred to herein individual as a "**Party**" and collectively as the "**Parties**".

This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Plaintiff Claims and Released Class Claims (as those terms are defined below), upon and subject to the terms and conditions of this Agreement and subject to preliminary and final approval of the Court.

## RECITALS

(a)     On September 21, 2020, Plaintiff filed a complaint (the "**Complaint**") against Defendant in the Superior Court of the State of California, County of San Mateo. On October 24, 2020, YouTube removed the Complaint to the United States District Court for the Northern District of California, in a civil action captioned *Doe v. YouTube, Inc.*, Case No. 4:20-cv-7493 (N.D. Cal.) (the "**Action**").

(b)     On July 14, 2021, the Court granted YouTube's motion to dismiss the Complaint with leave to amend. The Parties stipulated to three extensions to facilitate settlement discussions.

(c)     On August, 18, 2022, Plaintiff filled an Amended Complaint (the "**Amended Complaint**") in support of this Settlement Agreement. The Amended Complaint is the operative complaint in respect to this Settlement Agreement.

(d)     This Agreement is the result of arm's-length settlement discussions between the Parties, including two private mediation sessions with the Honorable Judge Rebecca J. Westerfield (Ret.) of JAMS on March 2, 2022, and March 8, 2022.

(e)     The Parties, without any admission or concession whatsoever, have entered into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to put to rest this controversy, and to avoid the risks inherent in complex litigation;

(f)     Class Counsel have conducted the arm's-length settlement negotiations on behalf of the proposed class;

(g)     Based upon those negotiations and Class Counsel's investigation of the facts, review of applicable law, and analysis of the benefits that this Agreement affords to Plaintiff and Class Members, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to Plaintiff and Class Members and that it is in the best interests of Plaintiff and Class Members to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

Plaintiff and Defendant, through their undersigned counsel and subject to final approval of

the Court after notice to the Settlement Class and an opportunity for the Class Members to object or exclude themselves, stipulate and agree to finally and fully compromise, settle, and release the Released Claims and to dismiss this Action with prejudice, upon and subject to the terms and conditions set forth below.

## SECTION 1: DEFINITIONS

Capitalized terms not defined elsewhere in this Agreement shall have the following meanings:

1.1    "**Affiliates**" means, with respect to any Person, any other Person that from time to time directly or indirectly controls or is controlled by or is under common control with such first Person.

1.2    "**Amended Complaint**" means the Amended Class Action Complaint filed on August 18, 2022, in the Action.

1.3    "**Attorneys' Fees Award**" means the attorneys' fees, reimbursement of expenses, and any and all other costs awarded by the Court to Class Counsel out of the Settlement Fund.

1.4    "**Claim**" or "**Claims**" means any and all manner of allegations of wrongdoing, actions, causes of action, claims, counterclaims, damages whenever and however incurred (whether actual, punitive, treble, compensatory, or otherwise), demands (including, without limitation, demands for arbitration), judgments, liabilities of any kind (including costs, fees, penalties, or losses of any kind or nature), and suits, whether direct, indirect, or otherwise in nature, known or unknown, suspected or unsuspected, accrued or unaccrued, asserted or unasserted, whether in law, in equity, or otherwise.

1.5    "**Class Counsel**" means the law firms listed on the signature page of this Agreement as representing Plaintiff.

1.6    "**Class Member**" means an individual who is a member of the Settlement Class and is not an Excluded Person under Section 2.2.

1.7    "**Class Release**" has the meaning set forth in Section 6.1.

1.8    "**Class Representative**" means Plaintiff, in her capacity as class representative of the Settlement Class.

1.9    "**Class Representative Service Award**" means any amount awarded by the Court to Plaintiff for her time and effort bringing the Action and serving as Class Representative.

1.10    "**Content Moderator**" means any individual who works in a group whose principal responsibility is to review user-generated content uploaded to YouTube to determine whether such material violates YouTube's Community Guidelines.

1.11    "**Court**" means the United States District Court for the Northern District of California, Honorable Yvonne Gonzalez Rogers or any judge who shall succeed her in the Action, presiding.

1.12    "**Covered Conduct**" means any act, omission, fact, or matter occurring or existing on or prior to the Final Approval Order and Final Judgment and that arises out of (a) the allegations involved, set forth, or referred to in the Amended Complaint or any other pleading in the Action, including without limitation allegations of bodily, emotional, or psychological injury; or (b) Claims asserted or that could have been asserted in the Action against Defendant based upon the allegations involved, set forth, or referred to in the Amended Complaint or any other pleading in the Action.

1.13    "**Cy Pres Recipient**" means the entity approved by the Court to receive any funds remaining in the Settlement Fund after all other distributions under this Agreement, as set forth in Section 4.3.

1.14    "**Defense Counsel**" means Munger, Tolles & Olson LLP.

1.15    "**Effective Date**" means the first date after the Final Approval Order and Final Judgment have been entered and either (a) the time to appeal the Final Approval Order and Final Judgment has expired with no appeal having been filed; or (b) the Final Approval Order and Final Judgment is affirmed on appeal by a reviewing court and is no longer reviewable by any court.

1.16    "**Execution Date**" means the date this Agreement has been signed by all signatories hereto.

1.17    "**Fairness Hearing**" means the hearing at or after which the Court determines whether to finally approve this Agreement as fair, reasonable, and adequate.

1.18    "**Final Approval Order**" means the order entered by the Court finally approving this Agreement as fair, reasonable, and adequate, following Preliminary Approval, Notice, and the Fairness Hearing, as further described in Section 10.

1.19    "**Final Judgment**" means the Final Order of judgment entered by the Court dismissing the Action with prejudice as to Defendant.

1.20    "**Final Order**" means, with respect to any order of a court (including a judgment), that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. An order becomes a "Final Order" when (a) no appeal has been filed and the prescribed time for commencing, filing, or noticing any appeal has expired; or (b) an appeal has been filed and either (i) the appeal has been dismissed and any prescribed time for commencing, filing, or noticing any further appeal has expired; or (ii) the order has been affirmed in its entirety and any prescribed time for commencing, filing, or noticing any further appeal has expired. For purposes of this definition, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus and any other proceedings of like kind, together with all proceedings ordered on remand and all proceedings arising out of any subsequent appeal or appeals following decisions on remand.

1.21    "**Net Settlement Fund**" means the Settlement Fund, reduced by the sum of the amounts of any award, fee, cost, or payment described at Section 4.1(a)–(c).

1.22    "**Non-Monetary Consideration**" has the meaning set forth in Section 5.1.

1.23    "**Notice**" means the notice disseminated pursuant to the Notice Plan.

1.24    "**Notice Plan**" means the plan for providing notice of this Settlement to the Settlement Class.

1.25    "**Objection/Exclusion Deadline**" means the date to be designated by the Court by which a written objection to this Agreement or a submitted request for exclusion must be filed or postmarked.

1.26    "**Opt-Out Threshold**" has the meaning set forth in Section 13.2.

1.27    "**Person**" means any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.28    "**Preliminary Approval**" and "**Preliminary Approval Order**" mean the order issued by the Court provisionally (a) granting preliminary approval of this Agreement; (b) certifying the Settlement Class for settlement purposes; (c) appointing Class Representatives and Class Counsel; (d) approving the Notice Plan and appointing a Settlement Administrator; (e) establishing deadlines for the filing of objections to or exclusions from the proposed settlement contemplated by this Agreement; and (f) scheduling the Final Approval Hearing.

1.29    "**Released Claims**" means, to the fullest extent that the law permits their release, all past, present, and future Claims of any nature whatsoever arising out of the (a) the Action; (b) the conduct, transactions, or occurrences set forth in any pleading in the Action; (c) the Covered Conduct; and (d) the conduct of the settlement negotiations and the negotiations of this Agreement (except for representations or obligations expressly included in this Agreement).

1.30    "**Released Defendant Parties**" means (a) Defendant; (b) Defendant's past and present parents, subsidiaries, divisions, and Affiliates; and (c) each of the foregoing's past, present and future officers, directors, insurers, employees, agents, attorneys, Affiliates, contractors, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors, purchasers, and assigns of each of the foregoing).

1.31    "**Releasing Class Member Parties**" means (a) Plaintiff; (b) each Class Member; and (c) each of the foregoing's agents, representatives, attorneys, heirs, administrators, executors, assigns, predecessors and successors in interest, and any other Person claiming by, through, on behalf of, or for the benefit of any of them.

1.32    "**Settlement**" means (a) the Release of the Released Claims by the Releasing Class Member Parties, as provided in Section 6; and (b) the dismissal of the Action with prejudice as to Defendant as contemplated by this Agreement.

1.33   "**Settlement Administrator**" means a third-party class action settlement administrator to be proposed by Plaintiff and approved by the Court.

1.34   "**Settlement Amount**" means the total of four million two hundred sixty-nine thousand seventy U.S. dollars ($4,269,070) that YouTube will pay in connection with this Agreement, deposited into the Settlement Fund.

1.35   "**Settlement Class**" has the meaning set forth in Section 2.1.

1.36   "**Settlement Fund**" means the common fund into which YouTube shall deposit the Settlement Amount for payment of (a) costs payable to the Settlement Administrator; (b) distributions to Plaintiff and Class Members; (c) any award of Attorneys' Fees and reimbursement of costs; (d) any Class Representative Service Award; and (e) any distribution to the Cy Pres Recipient. The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of § 468B of the Internal Revenue Code and the Treasury regulations thereunder and agree not to take any position for tax purposes inconsistent therewith.

1.37   "**YouTube Vendor**" means a vendor (a) with whom YouTube has contracted to provide Content Moderator services to YouTube in the United States; and (b) who either (i) directly employed an individual as a Content Moderator; or (ii) subcontracted with an individual to provide services as a Content Moderator. "YouTube Vendor" also means any subcontractor of a YouTube Vendor who has contracted to provide Content Moderator services to YouTube in the United States and who (y) directly employed an individual as a Content Moderator; or (z) subcontracted with an individual to provide services as a Content Moderator.

## SECTION 2: SETTLEMENT CLASS

2.1   <u>Definition of the Settlement Class</u>. For purposes of this Settlement only, the "**Settlement Class**" consists of all Content Moderators (other than Excluded Persons) who performed work in the United States as an employee or subcontractor of a YouTube Vendor from January 1, 2016, to the date of Preliminary Approval.

2.2   <u>Excluded Persons</u>. The following Persons (each, an "**Excluded Person**") are excluded from the Settlement Class and are not Class Members: (a) the Settlement Administrator; (b) employees, officers, and directors of YouTube; (c) any judge presiding over the Action and that judge's immediate family members; and (d) Persons who properly and timely opt out of the Settlement Class by submitting a Request for Exclusion in accordance with Section 8.1.

2.3   <u>Stipulation to Certification of the Settlement Class</u>. The Parties hereby stipulate, solely for settlement purposes and in consideration of the Settlement set forth herein, to (a) certification of the Settlement Class; (b) appointment of Class Counsel as counsel for the Settlement Class; and (c) conditional approval of the Class Representative as a suitable representative of the Settlement Class.

However, if (i) the motion for Preliminary Approval is denied in whole or in part; (ii) the

Final Judgment does not become a Final Order for any reason; (iii) this Agreement or the Settlement is terminated as provided herein; or (iv) the Final Approval Order is reversed or vacated following any appeal taken therefrom, then the stipulations in this Section 2.3 will automatically become null and void ab initio and may not be cited or referred to for any other purpose in the Action. It is expressly understood and agreed by the Parties that the stipulations in this Section 2.3 are binding only with respect to the Settlement and this Agreement, and Defendant expressly denies that the Action met or meets the requisites for class certification for any purpose other than this Settlement.

## SECTION 3: SETTLEMENT FUND

3.1   <u>Settlement Payment</u>. In consideration of the Class Release, the dismissal of the Action with prejudice, and the other consideration specified herein, Defendant agrees to place the Settlement Amount into an interest-bearing Settlement Fund in the following amounts at the following times: (a) $150,000.00 within sixty (60) days after the later of (i) the date of Preliminary Approval and (ii) the date Defendant receives wire instructions and a Form W-9 for the payment; and (b) the remainder within fifteen (15) days after the Effective Date. The Settlement Administrator will be the administrator of the Settlement Fund and will cause the filing of all tax returns required to be filed by or with respect to the Settlement Fund, including by any escrow agent.

3.2   <u>No Additional Payment by Defendant</u>. The Settlement Amount constitutes the full monetary consideration provided by Defendant for the Settlement and is the limit and full extent of Defendant's monetary obligation under the Agreement to Plaintiff, Class Members, Class Counsel, and the Settlement Administrator. Defendant has no other financial obligation under this Agreement. No portion of the Settlement Fund will revert to Defendant unless the Settlement is terminated, is not finally approved, or does not become effective for any reason.

## SECTION 4: DISTRIBUTION OF SETTLEMENT FUND

4.1   <u>Administrative Payments</u>.

a.   <u>Payment of Settlement Administrator Expenses</u>. The reasonable costs of performing the functions required of the Settlement Administrator by this Agreement will be paid to the Settlement Administrator exclusively out of the Settlement Fund.

b.   <u>Distribution of Class Representative Service Award</u>. The Settlement Administrator will distribute any Class Representative Service Award within thirty (30) days after the later of (a) the Effective Date; or (b) receipt of a completed IRS Form W9 from the Class Representative Service Award recipient(s). The Class Representative Service Award will be paid exclusively out of the Settlement Fund.

c.   <u>Distribution of Attorneys' Fee Award</u>. The Settlement Administrator will distribute any Attorneys' Fee Award within thirty (30) days after the later of (a) the Effective Date; or (b) receipt of a completed IRS Form W9 from the

Attorneys' Fee Award recipient(s). The Attorneys' Fee Award will be paid exclusively out of the Settlement Fund.

4.2   <u>Per Capita Payments</u>. Within thirty (30) days after the Effective Date, the Settlement Administrator will pay the Net Settlement Fund to the Class Members in equal, per capita shares (each share a "**Per Capita Payment**") by check or electronic payment, to the extent Class Members have requested electronic payment and provided electronic payment information to the Settlement Administrator. The Per Capita Payment serves as redress and as consideration for the Class Release. Each Per Capita Payment will be valid for ninety (90) days. For any Class Members whose Per Capita Payment is returned as undeliverable, the Settlement Administrator will make best efforts to identify a valid mailing address for that Class Member, using standard industry methods.

4.3   <u>Remaining Funds</u>. Any remaining amounts in the Settlement Fund after the distribution of Per Capita Payments, including those attributable to expired or returned checks or to electronic payments that have been rejected, will be distributed to a Cy Pres Recipient as approved by the Court. Subject to Court approval, the Parties have agreed that the Cy Pres Recipient will be the International Society for Traumatic Stress Studies. In no event will any remaining amounts in the Settlement Fund be returned to Defendant unless a Party has terminated this Agreement in accordance with Section 13.

## SECTION 5: NON-MONETARY CONSIDERATION

5.1   <u>Non-Monetary Consideration</u>. In further consideration of the Class Release, the dismissal of the Action with prejudice, and other consideration specified herein, Defendant agrees to implement the following business practice enhancements no later than sixty (60) days after the Effective Date (the "**Non-Monetary Consideration**"):

    a.   YouTube shall require all YouTube Vendors to implement the following interventions to promote the wellness of Content Moderators:

        i.   Each YouTube Vendor will provide Content Moderators with access to onsite counseling services provided by a licensed and experienced clinician trained in treating individuals suffering from trauma. Said counseling services will be staffed such that each Content Moderator will have access to onsite counseling for at least 45 minutes of individual time bi-weekly and additional onsite and virtual counseling on an as-needed basis.

        ii.   Each YouTube Vendor will provide Content Moderators with access to an employee assistance plan with features including 24/7 support, virtual counseling, and critical incident response.

        iii.   Each YouTube Vendor will make available peer support groups and/or peer listening sessions to enable Content Moderators to meet at their discretion to discuss mental health and wellbeing and will provide reasonable resources to enable these peer support groups and/or peer listening sessions. These support groups and/or listening sessions must be made available on

at least a monthly basis.

iv. No YouTube Vendor will make any employment decision adverse to a Content Moderator on the basis of a Content Moderator's use of the resources described in (i) to (iii) above.

v. Each YouTube Vendor will provide Content Moderators with onboarding training that includes an overview of the YouTube Vendor's wellness program and resources, psychological coping skills, and process to request an alternative work assignment. Each YouTube Vendor will also make this information available to Content Moderators who have been onboarded prior to the time that the YouTube Vendor begins to provide the onboarding training described above.

vi. Each YouTube Vendor will provide transparent job descriptions that (1) state that the job involves content moderation and (2) accurately reflect the scope of the activities a Content Moderator is expected to perform, with sensitive content moderation activities involving potentially offensive or disturbing materials explicitly identified.

vii. To the extent that it is the beneficiary of any non-disclosure agreement entered into by a Class Member, YouTube shall not enforce any rights it may have against any Class Member who has disclosed the conditions of their work to any person to whom the Class Member believed in good faith such disclosure was necessary or important to their well-being and/or legal rights so long as the recipient of that information has a confidential relationship with the Content Moderator (e.g., the Class Member's healthcare provider, attorney, spouse, and/or priest). For clarity, the foregoing sentence shall not prevent or modify in any way YouTube's ability to enforce the provisions of any Confidential Information and Invention Assignment Agreement entered into between YouTube and any Class Member.

b. All Content Moderators in the United States will have access to YouTube's anonymous whistleblower hotline and will be able to use this hotline to report any violation by YouTube or a YouTube Vendor of the requirements imposed in Section 5 of this Settlement Agreement. Content Moderators will be informed of their ability to access this hotline during onboarding training. Each YouTube Vendor will also make this information available to Content Moderators who have been onboarded prior to the point at which the YouTube Vendor begins to provide the onboarding training described above.

c. YouTube will make reasonable commercial efforts to ensure that each YouTube Vendor complies with requirements imposed by this Section 5, including by periodically reviewing each YouTube Vendor's compliance with these requirements. However, the Parties agree that any action by any YouTube Vendor that is not under YouTube's legal control cannot constitute a breach of this

Agreement by YouTube. If Plaintiff, Class Members, or Content Moderators inform YouTube that a YouTube Vendor is engaging in acts inconsistent with the requirements described in this Section 5, YouTube will make commercially reasonable efforts to cause the YouTube Vendor to remedy such conduct.

5.2    <u>No Additional Non-Monetary Consideration</u>. The Non-Monetary Consideration constitutes the full non-monetary consideration provided by Defendant for the Settlement and is the limit and full extent of Defendant's non-monetary obligation to Plaintiff, Class Members, Class Counsel, and the Settlement Administrator(s). Defendant has no other non-monetary obligation under this Agreement.

## SECTION 6: RELEASES AND COVENANTS NOT TO SUE

6.1    <u>Release and Covenant Not to Sue</u>. On the Effective Date, and without any further action, each of the Releasing Class Member Parties fully, finally and forever releases, covenants not to sue, and discharges each of the Released Defendant Parties from any and all Released Claims held by, on behalf of, for the benefit of, or in the name of the Releasing Class Members and is forever barred and enjoined from commencing, instituting, prosecuting, maintaining or seeking monetary or other relief in an action asserting any of the Released Claims against any of the Released Defendant Parties (the "**Class Release**").

6.2    <u>Section 1542 Waiver</u>. The Parties stipulate and agree that, upon the Effective Date, the Releasing Class Member Parties shall be deemed to have and, by the operation of the Final Judgment, shall have to the fullest extent allowed by law waived the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

6.3    <u>Other Unknown Claims</u>. Upon the Effective Date, the Releasing Class Member Parties also shall be deemed to have and shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, by principle of common law, or by the law of any jurisdiction outside of the United States that is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

6.4    <u>Mistake of Fact</u>. Plaintiff and Class Counsel acknowledge that they may discover facts in addition to or different from those they now know or believe to be true with respect to the Covered Conduct but that it is their intention to finally and forever settle and release the Released Claims.

6.5    <u>Finality of Release</u>. This Agreement provides the sole and exclusive remedy for any Released Claim against the Released Defendant Parties, and the obligations incurred pursuant to this Agreement shall be a full and final disposition of the Action and of any

and all Released Claims as against all Released Defendant Parties. No Released Defendant Party shall be subject to any liability or expense of any kind to any Releasing Party with respect to any Released Claim.

## SECTION 7: CLASS NOTICE

7.1     <u>Notice Plan</u>. Notice will be disseminated in a manner approved by the Court. Class Counsel shall propose to the Court a Notice Plan for approval in the Preliminary Approval Order.

7.2     <u>Contact Information Required for Notice</u>. YouTube shall provide the Settlement Administrator with a complete and accurate list of all Class Members within 14 days of the granting of the Motion for Preliminary Approval. This list will include each Class Member's full name and that Class Member's available contact information, including (to the extent available) email address, last known mailing address, and dates of employment with the YouTube Vendor(s) as Content Moderators for YouTube. YouTube shall compare any records in YouTube's possession that identify Content Moderators with records in the possession of YouTube Vendor(s).

7.3     <u>Defendant's Input</u>. Prior to submission of the Notice Plan to the Court for approval, Plaintiff shall provide Defendant with the opportunity to comment on the Notice Plan, the short- and long-form Notice, and the content of any settlement website.

## SECTION 8: EXCLUSIONS AND OBJECTIONS

8.1     <u>Exclusions from the Settlement Class</u>. A Person may opt out of the Settlement Class by requesting exclusion on or before the Objection/Exclusion Deadline (a "**Request for Exclusion**"). To file a Request for Exclusion, the Person must write to the Settlement Administrator at the address provided in the Notice stating a request to "opt out" or be "excluded" from the Settlement Class. In order to be effective, the request must be (a) signed by the Person making the request; and (b) postmarked on or before the Objection/Exclusion Deadline. Each Request for Exclusion must be made individually by the Person requesting the opt-out or exclusion; no generic or "class" opt-outs are allowed. The Settlement Administrator will process Requests for Exclusion received pursuant to this Section 8.1 and promptly provide to Class Counsel copies thereof upon receipt.

8.2     <u>Challenges to Exclusion</u>. Within five (5) days after the Objection/Exclusion Deadline, the Settlement Administrator will provide to Defense Counsel and Class Counsel a list of all Persons who opted out by filing a Request for Exclusion pursuant to Section 8.1.

8.3     <u>Objections by Class Members</u>. To be considered, any objection must be made in writing and be filed with the Court; All written objections and supporting papers must (a) clearly identify the case name and number (*Jane Doe v. YouTube*, 4:20-CV-07493-YGR), (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, CA 94612, and (c) be filed or postmarked on or before the Objection/Exclusion Deadline.

8.4     <u>Responses to Objections</u>. Any Party may respond to any objection no later than fourteen (14) days after the Objection/Exclusion Deadline by filing a response with the Court and serving a copy on the objector (or counsel for the objector) and counsel for the other Parties.

**SECTION 9: SETTLEMENT AND ADMINISTRATION**

9.1     <u>Selection of Settlement Administrator</u>. Class Counsel shall select and retain the Settlement Administrator, subject to approval by the Court. As part of the Preliminary Approval Order, Class Counsel shall seek appointment of the Settlement Administrator.

9.2     <u>Duties of the Settlement Administrator</u>. The Settlement Administrator will perform its obligations in a rational, responsive, cost effective, and timely manner, acting under the supervision of Class Counsel. The Settlement Administrator will maintain reasonably detailed records of its or their activities under this Agreement, as well as all records required by applicable law, in accordance with its or their normal business practices.

9.3     <u>Privacy Protections</u>. The Settlement Administrator will protect the privacy of any personally identifiable information received in the course of administering the duties undertaken pursuant to this Agreement, and the Settlement Administrator will comply with all laws regarding data privacy protection and data security, including the protective order entered by the Court in this Action. The Settlement Administrator will use personally identifiable information received in the course of administering the duties provided by this Agreement solely for the purpose of administering those duties. Within one hundred twenty (120) days after the later of (a) ninety (90) days from the sending of any Per Capita Payment to Class Members; and any time period for an appeal related to the Settlement has expired and any appeals relating to the Settlement have been resolved, the Settlement Administrator will delete any personally identifiable information received in the course of administering the duties undertaken pursuant to this Agreement and will certify in writing to the Parties that the deletion has been completed.

**SECTION 10: PRELIMINARY APPROVAL, FINAL APPROVAL, AND FINAL JUDGMENT**

10.1     <u>Motion for Preliminary Approval</u>. After the Execution Date, Class Counsel shall submit this Agreement to the Court and shall apply for entry of an order requesting preliminary approval of this Agreement, approval of the forms of Notice and of the Notice Plan, and entry of a stay of all proceedings in the Action until the Court renders a final decision on approval of the Settlement. Along with the Motion for Preliminary Approval, Class Counsel shall submit the proposed form of an order preliminarily approving the Settlement. Class Counsel shall provide Defense Counsel with an opportunity to review and comment on the draft Motion for Preliminary Approval, including all supporting materials, before it is submitted to the Court.

10.2     <u>Motion for Final Approval</u>. No later than thirty (30) days following the Objection/Exclusion Deadline, Class Counsel shall submit a motion for final approval by the Court of the Settlement. Class Counsel shall provide Defense Counsel with an opportunity to review and comment on the Motion for Final Approval, including all

11

supporting materials, no less than five business days prior to the filing of the Motion for Final Approval. In connection with the Motion for Final Approval, Class Counsel shall ask the Court to set a date for the Fairness Hearing.

10.3    <u>Final Approval Order Requirements</u>. The entry of a Final Approval Order and the Settlement becoming effective are material terms of the Settlement and of this Agreement. Defendant's obligations hereunder (with the exception of any amounts spent out of the Settlement Fund by the Settlement Administrator to provide Notice to Class Members pursuant to a court-ordered Notice Plan) are expressly conditioned upon the entry of a Final Approval Order and the Settlement becoming effective.

## SECTION 11: ATTORNEYS' FEES AWARD; CLASS REPRESENTATIVE SERVICE AWARD

11.1    <u>Attorneys' Fees Award and Class Representative Service Award</u>. Class Counsel may seek an award from the Court, to be paid exclusively out of the Settlement Fund, for (a) an Attorneys' Fees Award; and (b) a Class Representative Service Award for the Class Representative. For the avoidance of doubt, any Attorneys' Fee Award or Class Representative Service Award will be paid out of the Settlement Fund and will not be separately payable, in whole or in part, by YouTube. The Parties acknowledge and agree that (a) the payment of any Attorneys' Fees Award and/or Class Representative Service Award is solely in the discretion of the Court; (b) the Settlement and this Agreement do not depend on the Court's approval of any such application by Class Counsel; and (c) neither an Attorneys' Fees Award nor a Class Representative Service Award is a necessary term of this Agreement or a condition of the Settlement embodied herein.

11.2    <u>Payment of Attorneys' Fees Award and Class Representative Service Award</u>. Plaintiff shall pay and be responsible for all taxes, if any, due and payable as a result of the receipt of any Class Representative Service Award and represents and warrants that she has not relied on Defendant for any tax advice regarding taxability or the tax status of said awards. Other than as provided in this Section 11, Defendant is not liable for any costs, fees, or expenses of Class Counsel, Plaintiff, the Class Representative, any Class Member, or any of the Class Members' attorneys, experts, advisors, agents, or representatives.

## SECTION 12: EFFECTIVE DATE; CONDITIONS OF SETTLEMENT

12.1    <u>Effective Date</u>. This Agreement is expressly contingent upon the completion of all of the following events and shall be effective on the date (the "**Effective Date**") that is one business day following the completion of all of the following events: (a) this Agreement has been executed and delivered by Class Counsel and Defense Counsel; (b) the Court has entered the Preliminary Approval Order; (c) the Court has entered the Final Approval Order approving this Agreement, following notice to the Settlement Class and a Fairness Hearing, and has entered the Final Judgment; (d) an order has been issued in connection with any Attorneys' Fees Award or Class Representative Service Award approved by the Court and has become a Final Order; and (e) the Final Approval Order and the Final Judgment have each become a Final Order.

12.2   <u>Failure of Effective Date to Occur</u>. If all of the conditions specified in Section 12.1 are not able to be satisfied, then a Party may terminate this Agreement, subject to and in accordance with Section 13, unless the Parties mutually agree in writing to continue this Agreement for a specified period of time.

**SECTION 13: TERMINATION; EFFECT OF TERMINATION**

13.1   <u>Rights of Termination</u>. This Agreement may be terminated, subject to the limitation in Section 13.3, by any Party, within twenty-one (21) business days after any of the following events: (a) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (b) the Court's refusal to grant Final Approval of this Agreement in any material respect; (c) the Court's refusal to enter the Final Judgment in the Action in any material respect; or (d) the entry of an order by a court that modifies or reverses the Final Judgment in any material respect.

13.2   <u>Adjustment of Settlement Amount based on Class Size; Right to Withdraw Based on Opt-Outs</u>.

a. Based on information from YouTube and its vendor, the Parties understand that there are approximately 1,300 Class Members in the Settlement Class. If the Settlement Class increases from that amount, the Settlement Amount will increase as set out in the Confidential Supplemental Agreement between the Parties. Similarly, if the Settlement Class increases beyond a threshold set out in the Confidential Supplemental Agreement, the Confidential Supplemental Agreement will govern the rights of the Parties on how to proceed. Should any Class Member seek to access the Confidential Supplemental Agreement, Class Counsel may provide the Confidential Supplemental Agreement on a confidential basis.

b. YouTube shall have the option to withdraw from, and terminate, this Agreement and the Settlement in the event valid Requests for Exclusion exceed a specified threshold ("**Opt-Out Threshold**"). The specified threshold and the details of the option are contained in the Confidential Supplemental Agreement between the Parties, which shall be filed with the Court under seal, and which shall not be disclosed to Class Members other than the Class Representative. Other than as set forth above, the Parties will keep the terms of the Confidential Supplemental Agreement confidential, subject to any exceptions set out therein and unless compelled to disclose them by the Court.

i. In the event valid Requests for Exclusion exceed the Opt-Out Threshold, not later than ten (10) business days after receipt of the complete and final list of all known Class Members that have excluded themselves from the Class, YouTube shall notify Class Counsel whether YouTube elects to withdraw from the Settlement.

ii. In the event that YouTube elects to withdraw from the Settlement pursuant to this provision, this Agreement and the Settlement will become null and void and of no further force and effect.

13

13.3    Notice of Termination. A Party electing to terminate this Agreement pursuant to Section 13.1 shall provide written notice of its election to do so to all other Parties.

13.4    Effect of Termination. In the event of a termination of this Agreement pursuant to Section 13.1 or if this Agreement and the Settlement proposed herein are canceled or otherwise fail to become effective for any reason whatsoever, then (a) any order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, nunc pro tunc; and (b) the Parties shall be returned to the status quo ante with respect to the Action as of the Execution Date as if the Parties had never entered into this Agreement and with all of their respective legal claims and defenses preserved as they existed on that date. For the avoidance of doubt and without limiting the foregoing, the Parties acknowledge and agree in the event of a termination of this Agreement (i) that this Agreement and all the provisions of the Preliminary Approval Order shall be vacated; (ii) that the Parties shall retain all rights that they had immediately preceding the Execution Date; and (iii) that nothing in this Agreement or other papers or proceedings related to this Settlement shall be used as evidence or argument by any Party concerning whether the Action was or may properly be certified or maintained as a class action for any purpose other than settlement in accordance with this Agreement.

13.5    Payments for Notice. In the event of a termination of this Agreement under this Section 13 or if this Agreement fails to become effective for any other reason, any amounts of the Settlement Fund spent to provide notice to Class Members pursuant to the Notice Plan will not revert to Defendant.

## SECTION 14: MISCELLANEOUS PROVISIONS

14.1    Final Resolution. The Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims against the Released Defendant Parties. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendant in bad faith or without a reasonable basis.

14.2    Representation by Counsel. The Parties have relied upon the advice and representation of counsel, selected by them, concerning their rights and obligations with respect to the Settlement. The Parties have read and understand fully the above and foregoing Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

14.3    Res Judicata. Except as provided herein, if this Agreement is approved by the Court, any Party and any of the Released Defendant Parties may file and otherwise rely upon this Agreement in any action that may be brought against such Party and/or Released Defendant Party in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

14.4    No Admission. This Agreement reflects, among other things, the compromise and settlement of disputed claims among the Parties hereto, and neither this Agreement nor the

Releases given herein, nor any consideration therefor, nor any actions taken to carry out this Agreement are intended to be, nor may they be deemed or construed as, an admission or concession of liability or of the validity of any claim, defense, or any point of fact or law (including but not limited to matters respecting class certification) on the part of any Party, whether or not the Effective Date occurs or this Agreement is terminated. Neither this Agreement, nor the fact of settlement, nor the settlement proceedings, nor settlement negotiations, nor any related document, may be used as an admission of any fault or omission by the Released Defendant Parties or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by the Released Defendant Parties in any proceeding, other than such proceedings as may be necessary to consummate, interpret, or enforce this Agreement.

14.5   Counterparts. The Parties may execute this Agreement in one or more counterparts and by facsimile or electronic signature. If the Agreement is executed in counterparts, all executed counterparts and each of them will be deemed to be one and the same instrument.

14.6   Waiver and Amendment. The waiver by one Party of any breach of this Agreement by any other Party does not waive any other prior or subsequent breaches of this Agreement. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

14.7   Expenses. Except as otherwise provided herein, each Party shall bear his, hers, or its own attorney's fees and costs.

14.8   Representations and Warranties. Plaintiff represents and warrants that she has not assigned any claim or right or interest therein as against the Released Defendant Parties to any other Person and that she is fully entitled to release the same. Each counsel or other Person executing this Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents to the other Parties hereto that such counsel or other Person has the authority to execute and deliver this Agreement, its Exhibits, and related settlement documents, as applicable.

14.9   Successors and Assigns. This Agreement is binding upon and inures to the benefit of the successors and assigns of the Parties hereto and the Released Defendant Parties.

14.10   Jurisdiction. The Court has and retains jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

14.11   Governing Law. The laws of the United States of America and the State of California govern this Agreement and any interpretation thereof, excluding any conflicts or choice-of-law rule or principle that might otherwise refer construction or interpretation to the substantive law of any other jurisdiction.

14.12   Drafting. All Parties have contributed substantially and materially to the preparation of this Agreement, and it shall not be construed more strictly against one Party than another.

14.13   <u>Notice</u>. Where this Agreement requires notice to the Parties, the Parties shall send such notice to the undersigned counsel at the addresses listed below.

14.14   <u>Entire Agreement</u>. This Agreement and the Confidential Supplemental Agreement set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein and in the Confidential Supplemental Agreement. No representations, warranties, or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized herein and in the Confidential Supplemental Agreement.

Dated:  September 8, 2022

*Zachary Briers*
GREGORY P. STONE (SBN 78329)
Gregory.Stone@mto.com
BETHANY W. KRISTOVICH (SBN 241891)
Bethany.Kristovich@mto.com
ZACHARY M. BRIERS (SBN 287984)
Zachary.Briers@mto.com
BENJAMIN G. BAROKH (SBN 318629)
Benjamin.Barokh@mto.com
APRIL D. YOUPEE-ROLL (SBN 331761)
April.Youpee-Roll@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

*Attorneys for YouTube, LLC*

Dated:  September 8, 2022



Joseph R. Saveri (SBN 130064)
Steven N. Williams (State Bar No. 175489)
Elissa Buchanan (State Bar No. 249996)
Abraham A. Maggard (State Bar No. 339949)
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
Email:  swilliams@saverilawfirm.com
Email: ebuchanan@saverilawfirm.com
Email: amaggard@saverilawfirm.com

*Attorneys for Plaintiff and the Proposed Class*

Dated:  September 8, 2022

Daniel H. Charest (admitted *pro hac vice*)

**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
dcharest@burnscharest.com

Patrick D. Murphree (admitted *pro hac vice*)
Richard Yelton (admitted *pro hac vice*)
**BURNS CHAREST LLP**
365 Canal St., Suite 1170
New Orleans, LA 70130
Telephone: (504)799-2845
Facsimile: (504)881-1765
pmurphree@burnscharest.com
ryelton@burnscharest.com

*Attorneys for Plaintiff and the Proposed Class*

# EXHIBIT B

## NOTICE OF PROPOSED CLASS ACTION

*Doe v. YouTube, Inc.*
**United States District Court for the Northern District of California**
**Case No. 4:20-cv-7493**

You have been identified as a current or former Content Moderator who performed work for YouTube, Inc. ("YouTube") in the United States as an employee or subcontractor of one or more of YouTube's Vendors between January 1, 2016 and DATE. There is a proposed settlement of a class action filed against YouTube asserting claims related to injuries allegedly caused by viewing graphic and objectionable content while performing content moderation services for YouTube's Vendors.

The United States District Court for the Northern District of California ordered that this notice be sent to certain current and former content moderators to notify them of a proposed settlement of a class action lawsuit (the "Action"). This notice is not a solicitation from a lawyer, and you are not being sued.

**Your legal rights are affected by the settlement, so please read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS CLASS ACTION LAWSUIT | |
|---|---|
| **EXCLUDE YOURSELF** | If you exclude yourself, you WILL NOT receive payment. You WILL have the option to file your own lawsuit regarding the claims resolved by this settlement or those that are sufficiently related. You WILL NOT be bound by the release explained in this notice below. |
| **OBJECT** | If you do not exclude yourself, you may object to the settlement. If you object, you should write to the Court explaining why you do not agree with the settlement. The Court may or may not agree with your objection. |
| **DO NOTHING** | You do not need to do anything to receive money. Money will be automatically paid to you if you do not request exclusion. You WILL give up the any rights to sue YouTube for the claims made in this Lawsuit, or any that are sufficiently related. You WILL be bound by the release. |

## CONTENTS

**Page**

1. What is this lawsuit about?..................................................................................................................... 2
2. What is a class action? ........................................................................................................................... 2
3. Why is there a settlement?...................................................................................................................... 3
4. Why did I receive this notice? ............................................................................................................... 3
5. How do I know if I am part of the settlement?....................................................................................... 3
6. If I am part of the settlement, what are my options? ............................................................................. 3
7. How do I participate in the settlement if it is approved by the Court? ................................................... 4
8. If I participate in the settlement, what will I receive?............................................................................ 4
9. How do I object to the settlement? ........................................................................................................ 6
10. Can I still receive a settlement award if I do object to the settlement? ................................................. 8
11. Can I appear at the final approval hearing? ........................................................................................... 8
12. Do I have to participate in the settlement?............................................................................................. 8
13. How can I exclude myself from the settlement? .................................................................................... 8
14. What is the difference between excluding myself and objecting? ......................................................... 9
15. What if I do nothing? ............................................................................................................................. 9
16. Do I need to hire my own attorney? ...................................................................................................... 9
17. What will Class Counsel and the Class Representatives get from this settlement?............................... 10
18. When will the settlement be final? ........................................................................................................ 10
19. Where can I get more information about the litigation of this case?...................................................... 11
20. What dates should I be aware of?........................................................................................................... 11

## 1.  What is this lawsuit about?

Plaintiff Jane Doe ("Plaintiff") brought this action on behalf of current and former Content Moderators who performed work in the United States as an employee or subcontractor of a YouTube Vendor between January 1, 2016, to the date of Preliminary Approval (the "Class"). For purposes of this settlement, "Content Moderator" means an individual who works in a group whose principal responsibility is to review user-generated content uploaded to YouTube to determine whether such material violates YouTube's Community Guidelines. "YouTube Vendor" means a vendor (a) with whom YouTube has contracted to provide Content Moderator services to YouTube in the United States; and (b) who either (i) directly employed an individual as a Content Moderator; or (ii) subcontracted with an individual to provide services as a Content Moderator.  "YouTube Vendor" also means any subcontractor of a YouTube Vendor who has contracted to provide Content Moderator Services to YouTube in the United States and who (y) directly employed an individual as a Content Moderator; or (z) subcontracted with an individual to provide services as a Content Moderator.

Plaintiff alleges that YouTube failed to provide a safe work environment for Content Moderators, many of whom view and flag for removal graphic and objectionable material in order to make YouTube safe for the public. Plaintiff alleges that, as a result of repeated viewing of that material, Class Members were subjected to an increased risk of suffering trauma-related injuries.

The settlement includes all claims asserted by Plaintiff in the lawsuit on behalf of herself and the proposed Class. As detailed below, the settlement provides for payment of $4,269,070 by YouTube, which will be used to pay all settlement costs, including settlement administration costs, any attorneys' fees and expenses awarded to class counsel, and a "Per Capita Payment" to each class member. YouTube also will implement business practice enhancements addressing the workplace practices challenged in this action, including requiring all YouTube Vendors to implement interventions to promote the wellness of Content Moderators and providing all Content Moderators in the United States with access to YouTube's anonymous whistleblower hotline to report any violation by YouTube or a YouTube Vendor.

## 2.  What is a class action?

In a class action lawsuit, one or more people called "Class Representatives" (in this case, Plaintiff Jane Doe) sue on behalf of other people ("Class Members") who allegedly have similar claims. If a court approves the case proceeding as a "class action," that court decides the lawsuit for all Class Members.

In this case, the Class Representative and YouTube reached a settlement, subject to Court approval, to agree to a class action for purposes of settlement. The Court certified the case as a class action solely for purposes of deciding whether to approve the settlement. If the settlement is not approved by the Court, the Class Members will not get the benefits of this settlement, and the Plaintiff will go back to court to continue her case.

## 3.  Why is there a settlement?

The settlement was reached through extensive arm's-length negotiations between experienced attorneys for Plaintiff and for YouTube. The attorneys' discussions were facilitated by a retired judge. All parties believe that their respective interests are best served by entering into this settlement, particularly given the risks inherent in complex class action litigation and the time it would take to bring the litigation to a conclusion.

YouTube denies that it has done anything wrong, while the Class Representative believes that she would prevail if the case went to trial. In the interests of efficiency and avoiding substantial litigation costs, the parties decided to resolve the case through settlement. In this way, the parties avoid the costs and risks of litigation and trial.

In determining whether to approve the settlement, the Court will not decide who is right or wrong. Instead, it will determine whether the settlement is fair, reasonable, and adequate under the circumstances. If the Court approves the settlement as fair, reasonable, and adequate, it will enter a judgment extinguishing all claims of those represented in the lawsuit.

## 4.  Why did I receive this notice?

You received this notice because employment records show that you may be a "Class Member"—meaning you were identified as a current or former Content Moderator who performed work for a YouTube in the United States as an employee or subcontractor of one or more of YouTube's Vendors between January 1, 2016 and DATE. This notice lets you know how you can participate in or exclude yourself from this settlement.

## 5.  How do I know if I am part of the settlement?

You are a Class Member if you are a current or former Content Moderator (other than Excluded Persons) who performed work in the United States as an employee or subcontractor of a YouTube Vendor from January 1, 2016 to DATE.

The following Persons (each, an "Excluded Person") are excluded from the Settlement Class and are not Class Members: (a) the Settlement Administrator; (b) employees, officers, and directors of YouTube; (c) any judge presiding over the Action

and that judge's immediate family members; and (d) Persons who properly and timely opt out of the Settlement Class by submitting a Request for Exclusion (see Section 13 below).

### 6. If I am part of the settlement, what are my options?

If you are a Class Member, you have several options. You may:

    a. Participate in the settlement and receive the benefits of the settlement (see Section 8 below);

    b. Object to the settlement by filing and serving an objection by DATE (see Sections 9–11 below); or

    c. Request to be excluded from the settlement by submitting a request to be excluded by DATE (see Section 13 below).

### 7. How do I participate in the settlement if it is approved by the Court?

If you want to participate in the settlement, you do not need to do anything at this time. If the settlement receives final approval, you will be sent a Per Capita payment and potentially benefit from the practice and business practice enhancements discussed in Section 8 below. The Per Capita Payment serves as redress and consideration for the Class Release.

### 8. If I participate in the settlement, what will I receive?

The settlement provides both monetary payments and business practice enhancements. The following is a summary of the settlement benefits. For a complete description of the settlement and what it obligates the parties to do, you can read the full Settlement Agreement at www.XXXX.com.

**Monetary Payments**

YouTube has agreed to deposit $4,269,070 into a settlement fund as compensation for the release of the Class's claims. Any award for attorneys' fees and expenses, service awards to the class representative, and settlement administration costs will be paid from the settlement fund before making payments to Class Members.

All Class Members will receive a single "Per Capita Payment" from the Net Settlement Fund. In exchange, all Class Members will give YouTube, to the fullest extent that the law permits, a release of all past, present, and future Claims of any nature whatsoever arising out of (a) the Action; (b) the conduct, transactions, or occurrences set forth in any pleading in the Action; (c) the Covered Conduct; and (d) the conduct of the settlement negotiations and the negotiations of this Agreement (except for representations or obligations expressly included in the Settlement Agreement).

If any money remains in the Settlement Fund after distribution to Class Members, it will be donated to the International Society for Traumatic Stress Studies, an organization that researches and advocates around issues of traumatic stress.

**Practice and Tooling Enhancements**

Although YouTube denies Plaintiff's allegations and denies that its conduct is unlawful, the parties also have agreed that YouTube will implement certain policies and procedures designed to benefit Content Moderators. These policies and procedures are based on industry best practices for content moderation and were developed in consultation with experts hired by Plaintiff. Among other things, YouTube has agreed to require its U.S. YouTube Vendors to implement the following business practice enhancements:

• Provide onsite counseling services provided by a licensed and experienced clinician trained in treating individuals suffering from trauma so that each Content Moderator will have access to onsite counseling for at least 45 minutes of individual time bi-weekly and additional onsite and virtual counseling on an as-needed basis;

• Provide access to 24/7 support, virtual counseling, and critical incident response;

• Provide monthly peer support groups and/or peer listening sessions to enable Content Moderators to meet at their discretion to discuss mental health and well-being on at least a monthly basis; and

• Provide Content Moderators with information about these practice enhancements, as well as a telephone hotline number where compliance concerns can be reported directly to YouTube.

YouTube has agreed to make reasonable commercial efforts to ensure that its U.S. Vendors provide these practice enhancements to Content Moderators.

### 9. How do I object to the settlement?

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

To be considered, any objection must be made in writing and be filed with the Court; All written objections and supporting papers must (a) clearly identify the case name and number (Jane Doe v. YouTube, 4:20-CV-07493-YGR), (b) be submitted

to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, CA 94612, and (c) be filed or postmarked on or before the Objection/Exclusion Deadline.

## 10.   Can I still receive a settlement award if I do object to the settlement?

If you object to the settlement but the Court approves the settlement despite your objection, you may obtain settlement benefits in the same manner as any other Class Member.

If the Court agrees with your (or any other) objection, and does not approve the settlement, you and other Class Members will not receive any settlement benefits because the settlement agreement will not become effective.

## 11.   Can I appear at the final approval hearing?

If you do not exclude yourself from the settlement, you can (but do not have to) participate and speak for yourself at the final approval hearing. You can also have your own individual lawyer speak separately for you, but you will have to pay for that lawyer yourself.

If you want to appear, or if you want your own lawyer to participate and speak for you regarding the settlement, you and/or your lawyer must first file an objection to the settlement (as described above in Section 9). You must also include on the front of the objection the statement "I intend to appear at the hearing" and identify any persons you propose to call to testify at the hearing or evidence you intend to introduce.

## 12.   Do I have to participate in the settlement?

You are not required to participate in the settlement, but you must take action to get out of the settlement. This is called "excluding yourself" or "opting out." If you exclude yourself from the settlement, you will not be eligible to receive any monetary compensation under the settlement. However, if you exclude yourself from the settlement, you will not be bound by any judgment or settlement of the case and will keep, subject to applicable law, your right to sue YouTube.

## 13.   How can I exclude myself from the settlement?

To exclude yourself from the settlement, you must submit a written and signed statement requesting exclusion from the Class by DATE to:

*Doe v. YouTube* Settlement Administrator
P.O. Box XXXX
San Rafael, CA 94912-XXXX

To be effective, this written request must contain your name, address, and telephone number, be submitted via First Class U.S. mail, and be postmarked by DATE. If you fail to submit a valid and timely request for exclusion in this manner, you will be bound by the settlement and judgment entered by the Court.

## 14.   What is the difference between excluding myself and objecting?

Objecting is telling the Court that you do not like something about the settlement but that you still want to participate in the settlement. You can object to the settlement only if you do not exclude yourself from the settlement.

Excluding yourself from the settlement is telling the Court that you do not want to be part of the settlement. If you exclude yourself from the settlement, you cannot object to the settlement because it no longer affects you.

## 15.   What if you do nothing?

If you do nothing, you will be a Class Member and will be bound by the settlement. This means that you cannot bring a separate lawsuit against YouTube concerning injuries and/or damages allegedly caused by viewing graphic and objectionable material while working as a Content Moderator.

## 16.   Do I need to hire my own attorney?

You do not need to hire an attorney, but you can if you want to. The Class Representative, you, and the entire Class are already represented by the attorneys listed below, who are known as "Class Counsel":

Steven N. Williams - swilliams@saverilawfirm.com
JOSEPH SAVERI LAW FIRM, LLP.

601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940

Daniel Charest - dcharest@burnscharest.com
BURNS CHAREST LLP
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002

Patrick D. Murphree - pmurphree@burnscharest.com
Richard Yelton - ryelton@burnscharest.com
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765

You do not need to pay for their services. They will be paid from the settlement fund. If you decide to hire your own attorney, you will have to pay for his or her services yourself.

## 17.   What will Class Counsel and the Class Representatives get from this settlement?

Class Counsel have not received compensation for their services in bringing the lawsuit. They will seek to be paid from the settlement fund. They will ask the Court for an award of attorneys' fees and expenses of up to $1,545,986, or 33% of the settlement fund created by the Settlement Agreement.

Plaintiff will also request a service award for the time and work she put into this lawsuit.

Class Counsel will file motions asking the Court to approve these awards. The Court may approve these awards at the final approval hearing.

## 18.   When will the settlement be final?

The Court has scheduled a final approval hearing for DATE at TIME a.m. This hearing will occur before the Hon. Yvonne Gonzalez Rogers at the United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 1 – 4th Floor, 1301 Clay Street, Oakland, California 94612. The final approval hearing may be rescheduled to a later time without further notice to you. You can check the Court's website to see the schedule of upcoming motion hearings at https://apps.cand.uscourts.gov/CEO/cfd.aspx?7145.

You may, but do not have to, attend the final approval hearing. At the hearing, the Court will decide whether to approve the settlement, the requested award of attorneys' fees and expenses, the service award for Plaintiff for prosecuting this litigation, and the costs of administering this settlement.

You may attend the final approval hearing through the use of Zoom videoconferencing. Instructions for attending via Zoom will be posted on the settlement website (www._____.com) approximately two weeks before hearing on DATE. Any date changes will also be available through the Access to Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

After the Court rules on the final approval and either the time to appeal has expired or any appeal filed has been resolved in favor of the settlement, the settlement will become final. Once the settlement is final, Per Capita Payments will be sent to the Class Members.

## 19.   Where can I get more information about the litigation of this case?

This notice provides only a summary of the lawsuit and settlement. For more detailed information, you may review the Amended Complaint, the Settlement Agreement, and selected other filings at the settlement website: www._____.com. You may access the Court docket in this case, for a fee, through the Court's Public Access to Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of Court for the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612 between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding court holidays.

Please direct any questions regarding this notice and the settlement to the *Doe v. YouTube, Inc* Settlement Administrator at 1-XXX-XXX-XXXX or to Class Counsel. **PLEASE DO NOT TELEPHONE THE COURT.**

**20.  What dates should I be aware of?**

DATE
Last day to file and postmark objections to the settlement (including any requests to appear before the Court)

DATE
Last day to file and postmark requests for exclusion from the Class

DATE, at TIME a.m. (unless otherwise ordered by the Court)
Final Approval Hearing at the Court