Steven N. Williams (State Bar No. 175489)
**STEVEN WILLIAMS LAW, P.C.**
201 Spear Street, Suite 1100
San Francisco, CA 94105
Telephone: (415) 697-1509
Facsimile: (415) 230-5310
Email: swillliams@stevenwilliamslaw.com

Daniel H. Charest (admitted *pro hac vice*)
Connor Weldon (admitted *pro hac vice*)
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
Email: dcharest@burnscharest.com
       cweldon@burnscharest.com

Harry R. Yelton (admitted *pro hac vice*)
**BURNS CHAREST LLP**
201 Saint Charles Avenue, Suite 2900
New Orleans, Louisiana 70170
Telephone: (504) 799-2845
Facsimile: (504) 881-1765
Email: ryelton@burnscharest.com

*Settlement Class Counsel*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| Jane Doe,<br><br>          Plaintiff,<br><br>     vs.<br><br>YouTube, Inc.,<br><br>          Defendant. | Case No. 4:20-cv-07493-YGR<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SECOND SUPPLEMENTAL CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS**<br><br>Date: December 17, 2024<br>Time: 2:00 p.m.<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Location: Zoom |

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i
TABLE OF AUTHORITIES ........................................................................................................... ii
NOTICE OF MOTION AND MOTION ....................................................................................... iv
ISSUE TO BE DECIDED ............................................................................................................... 1
MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1
    I.    INTRODUCTION ............................................................................................................ 1
    II.    STATEMENT OF RELEVANT FACTS ......................................................................... 1
        A.    The Class's Factual Allegations and Claims ........................................................... 1
        B.    Procedural Background ............................................................................................ 2
        C.    Settling Defendant ................................................................................................... 3
    III.    SETTLEMENT TERMS ................................................................................................... 4
        A.    The Second Supplemental Settlement Agreement .................................................. 4
    IV.    NOTICE TO THE CLASS ............................................................................................... 4
    V.    ARGUMENT ................................................................................................................... 4
        A.    The Settlement Class ............................................................................................... 5
        B.    The Court-Approved Notice Program Satisfied Due Process and Has Been Fully Implemented ................................................................................................... 5
        C.    The Settlement Is Fair, Reasonable, and Adequate and Should be Finally Approved ................................................................................................................. 7
            1.    The Settlement Eliminates Significant Risk to the Class ............................. 8
            2.    The Settlement Provides a Considerable Benefit to the Class ..................... 9
            3.    Experienced Class Counsel Believe the Settlement is Advantageous to the Class .............................................................................................................. 9
            4.    The Settlement is the Product of Arm's-Length Negotiation by Informed and Experienced Counsel ............................................................................ 10
            5.    Required CAFA Notice Has Been Provided .............................................. 10
            6.    Counsel Should be Compensated for Their Time and Costs Securing and Distributing this Additional Relief ............................................................. 11
CONCLUSION ............................................................................................................................. 12

i

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SECOND SUPPLEMENTAL
CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS
Case No. 4:20-cv-07493-YGR

# TABLE OF AUTHORITIES

## CASES

*Boeing Co. v. Van Gemert*,
   444 U.S. 472 (1980) .......................................................................................................... 10, 11

*Boyd v. Bechtel Corp.*,
   485 F. Supp. 610 (N.D. Cal. 1979) ............................................................................................ 9

*Ching v. Siemens Industry*,
   2014 WL 2926210 (N.D. Cal. June 27, 2014) ........................................................................... 9

*Chun-Hoon v. McKee Foods Corp.*,
   716 F. Supp. 2d 848 (N.D. Cal. 2010) ....................................................................................... 8

*Churchill Vill. L.L.C. v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004) .................................................................................................. 6, 7

*Class Plaintiffs v. City of Seattle*,
   955 F.2d 1268 (9th Cir. 1992) ................................................................................................... 7

*Elder v. Hilton Worldwide Holdings, Inc.*,
   No. 16-CV-00278-JST, 2021 WL 4785936 (N.D. Cal. Feb. 4, 2021) .......................... 6, 8, 10

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) .................................................................................................. 6, 7

*In re "Agent Orange" Prod. Liab. Litig.*,
   818 F.2d 145 (2d Cir. 1987) ...................................................................................................... 6

*In re Bluetooth Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) ............................................................................................... 5, 10

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
   14-CV-2058 JST, 2017 WL 565003 (N.D. Cal. Feb. 13, 2017) ................................................ 9

*In re Omnivision Technologies, Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008) ..................................................................................... 9

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
   19 F.3d 1291 (9th Cir. 1994) ................................................................................................... 12

*Larsen v. Trader Joe's Co.*,
   No. 11-CV-05188-WHO, 2014 WL 3404531 (N.D. Cal. July 11, 2014) .............................. 8, 9

*M. Berenson Co. v. Faneuil Hall Marketplace, Inc.*,
   671 F. Supp. 819 (D. Mass. 1987) ............................................................................................. 8

*Mangone v. First USA Bank*,
   206 F.R.D. 222 (S.D. Ill. 2001) ................................................................................................. 6

*Martin v. Toyota Motor Credit Corp.*,
   No. 220CV10518JVSMRW, 2022 WL 17038908 (C.D. Cal. Nov. 15, 2022) .......................... 6

*McKinney-Drobnis v. Oreshack*,
   16 F.4th 594 (9th Cir. 2021) ................................................................................................ 5, 10

*Mendoza v. Tucson Sch. Dist. No. 1*,
   623 F.2d 1338 (9th Cir. 1980) ................................................................................................... 6

*Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of S.F.*,
   688 F.2d 615 (9th Cir. 1982) .................................................................................................. 7, 8

*Petrovic v. Amoco Oil Co.*,
   200 F.3d 1140 (8th Cir. 1999) ................................................................................................... 6

ii

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SECOND SUPPLEMENTAL
CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS
Case No. 4:20-cv-07493-YGR

*Rodriguez v. West Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ............................................................................................... 8
*Roes, 1-2 v. SFBSC Mgmt., LLC*,
  944 F.3d 1035 (9th Cir. 2019) ............................................................................................. 5
*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ....................................................................................... 10, 11
*Torrisi v. Tucson Elec. Power Co.*,
  8 F.3d 1370 (9th Cir. 1993) .............................................................................................. 6, 8
*Van Bronkhorst v. Safeco Corp.*,
  529 F.2d 943 (9th Cir. 1976) ............................................................................................... 7
*Vizciano v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002) .............................................................................................. 12

**STATUTES**

28 U.S.C. § 1715 ............................................................................................................... 3, 10

**OTHER AUTHORITIES**

William B. Rubenstein, 4 *Newberg on Class Actions* §§ 13:39 *et seq.* (5th ed. 2014) ........................................................................................................................................ 4

**RULES**

Fed. R. Civ. P. 23(3)(1) ............................................................................................................ 5
Fed. R. Civ. P. 23(c)(2)(B) ...................................................................................................... 6
Fed. R. Civ. P. 23(e) ................................................................................................................ 5
Fed. R. Civ. P. 23(e)(1) ............................................................................................................ 4
Fed. R. Civ. P. 23(e)(2) ............................................................................................................ 5

iii

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SECOND SUPPLEMENTAL
CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS
Case No. 4:20-cv-07493-YGR

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that at 2:00 p.m. on December 17, 2024, at the United States District Court for the Northern District of California through Zoom, or as soon thereafter as the matter may be heard, Plaintiff Jane Doe ("Plaintiff"), on behalf of herself and all others similarly situated will and hereby does move this Court for an order granting final approval of the proposed second supplemental class action settlement agreement with Defendant YouTube, Inc. ("YouTube") and for attorneys' fees and reimbursement of costs.

By this motion, Plaintiff requests that the Court enter an Order:

(1) Finding that the proposed Settlement is fair, reasonable, and adequate;

(2) Granting final approval the Settlement Agreement; and

(3) Granting attorneys' fees and reimbursement of costs

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Steven N. Williams ("Williams Decl.") and the exhibits attached thereto, the Declaration of Daniel H. Charest ("Charest Decl.") and the exhibits attached thereto, the Declaration of Monica Murray ("Murray Decl.") and the exhibits attached thereto, the Court's files and records in this matter, any argument or evidence that may be presented to or considered by the Court, and any further matters as the Court may consider.

iv

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SECOND SUPPLEMENTAL
CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS
Case No. 4:20-cv-07493-YGR

| | | |
|---|---|---|
| 1 | Dated: October 22, 2024 | Respectfully Submitted, |
| 2 | | STEVEN WILLIAMS LAW, P.C. |
| 3 | | By: */s/ Steven N. Williams*<br>    STEVEN N. WILLIAMS |

Steven N. Williams (State Bar No. 175489)
**STEVEN WILLIAMS LAW, P.C.**
201 Spear Street, Suite 1100
San Francisco, CA 94105
Telephone: (415) 697-1509
Facsimile: (415) 230-5410
Email: swillliams@stevenwilliamslaw.com

Daniel H. Charest (admitted *pro hac vice*)
Connor Weldon (admitted *pro hac vice)*
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
Email: dcharest@burnscharest.com
        cweldone@burnscharest.com

Harry R. Yelton (admitted *pro hac vice*)
**BURNS CHAREST LLP**
201 Saint Charles Avenue, Suite 2900
New Orleans, Louisiana 70170
Telephone: (504) 799-2845
Facsimile: (504) 881-1765
Email: ryelton@burnscharest.com

*Settlement Class Counsel*

v

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SECOND SUPPLEMENTAL
CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS
Case No. 4:20-cv-07493-YGR

**ISSUE TO BE DECIDED**

Whether the proposed second supplemental settlement agreement (the "Settlement") between Defendant YouTube, Inc. and Plaintiff Jane Doe is fair, reasonable and adequate, and should be finally approved and whether Settlement Class Counsel should receive attorneys' fees and reimbursement of costs.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the Court's order granting preliminary approval of the proposed Settlement, Plaintiff Jane Doe ("Plaintiff") requests that the Court grant final approval of the settlement of this class action lawsuit against Defendant YouTube, Inc. ("YouTube") (collectively referred to as the "Parties.") and attorneys' fees and reimbursement of costs. As explained in Plaintiff's Motion for Preliminary Approval, ECF No. 106, (the "Motion"), the Settlement encompasses all claims Plaintiff asserted in her Amended Complaint, ECF No. 57, on behalf of herself and the Settlement Class, which consists of all persons who performed content moderation work for contractors of YouTube in the United States at any time during the class period.

The Settlement provides favorable recoveries for the Class and should be finally approved as fair, reasonable, and adequate. The Court-approved Notice has been provided to the class members. Murray Decl. ¶¶ 5–9.

The process by which the Settlement was negotiated likewise favors approval. The Settlement was not the result of collusion but rather was reached through extensive arms-length negotiations between competent and experienced counsel. Settlement Class Counsel, YouTube, and Accenture thereafter spent significant time and resources confirming that the additional Class Members be included in the Settlement.

II.  **STATEMENT OF RELEVANT FACTS**

A.  **The Class's Factual Allegations and Claims**

Plaintiff seeks to protect herself and other current and former content moderators from the dangers of psychological trauma resulting from exposure to graphic and objectionable content

1

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SECOND SUPPLEMENTAL
CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS
Case No. 4:20-cv-07493-YGR

uploaded to YouTube's platform and YouTube's failure to provide a safe workplace for the many workers who scrub YouTube's platform of disturbing content. Using YouTube's proprietary review tool at the offices of contract agencies ("YouTube Vendors") around the country, content moderators—including Plaintiff—witnessed numerous offensive acts, including extreme and graphic violence and sexual assault. Plaintiff alleges that, as a result of unmitigated exposure to highly toxic and extremely disturbing images viewed using YouTube's proprietary review tool, she developed and suffers from significant psychological trauma. Plaintiff alleges that YouTube failed to implement the workplace safety standards it helped create. Instead, YouTube affirmatively required and requires content moderators such as Plaintiff to work under conditions it knows are likely to cause and exacerbate psychological trauma.

Plaintiff asserted claims for a settlement fund and injunctive relief to enjoin YouTube from continuing to engage in unlawful and unfair business practices. Plaintiff's complaint seeks injunctive relief, such as the implementation of safety guidelines for all prospective content moderation operations; and further seeks the establishment of a fund to pay for a medical monitoring program to facilitate the ongoing screening, diagnosis, and adequate treatment of Plaintiff and the Class Members for psychological trauma.

YouTube denies Plaintiff's factual allegations and the legal merits of her asserted claims.

**B.     Procedural Background**

Plaintiff, on behalf of herself and all others similarly situated, commenced this class action lawsuit against YouTube on September 21, 2020, in the Superior Court of California, County of San Mateo. ECF No. 1-1. On October 24, 2020, YouTube removed the case to the United States District Court for the Northern District of California. *Doe v. YouTube, Inc*., Case No. 4:20-cv-7493-YGR (N.D. Cal.). ECF No. 1. On December 2, 2020, YouTube filed a motion to dismiss. ECF No. 16. Plaintiff opposed the motion, filing her response on January 25, 2021. ECF No. 25. YouTube filed its reply in support of its motion on February 22, 2021. ECF No. 26. On July 13, 2021, the Court held a hearing on the motion to dismiss. ECF No. 31. On July 14, 2021, the Court granted YouTube's motion to dismiss with leave to amend. ECF No. 32.

Thereafter, the Parties participated in a mediation process with the Hon. Rebecca Westerfield (Ret.). On May 15, 2023, this Court entered a final judgment approving the class action Settlement in this case. ECF No. 81. Claims administration then commenced and was largely completed in August 2023. As this process came to an end, Class Counsel and YouTube became aware of individuals who contended they met the Class definition but had not been included in the materials YouTube's vendor Accenture provided pursuant to subpoena for the purposes of class notice and administration.

Over several months of collaboration, the Parties identified a universe of 283 additional Class Members. Williams Decl., ¶¶ 4-5; Charest Decl., ¶ 3. Having defined this universe, Class Counsel and YouTube agreed to enter into the Second Supplemental Settlement Agreement by which the 283 Class Members would be provided the same rights and remedies as all other Class Members, including the rights to object and to exclude themselves. Charest Decl., ¶¶ 3–4. On August 5, 2024, Plaintiff moved for preliminary approval of class action settlement and appointment of settlement counsel. ECF No. 102. On August 9, 2024, YouTube filed its notice of non-opposition and requested that the Court grant the Motion. ECF No. 107. A hearing on the Motion was held on September 17, 2024. At the hearing, the Court advised the Parties of changes to the notice documents that it would require adjustments before preliminary approval. Plaintiff filed revised documents addressing the Court's concerns. ECF No. 110; 110-1.

On September 18, 2024, the Court granted the Motion, certified the class for settlement purposes, and re-appointed Steven Williams Law, P.C. and Burns Charest as Settlement Class Counsel. ECF No. 112.

On September 27, 2024, notice required under 28 U.S.C. § 1715 was mailed to the appropriate government officials by the Settlement Administrator. Murray Decl. ¶ 2.

Class Counsel now seeks final approval of the settlement for the benefit of the class.

**C.      Settling Defendant**

Defendant YouTube is incorporated under the laws of Delaware, with its headquarters in San Bruno, California. YouTube is a fully owned subsidiary of Google, L.L.C.

### III. SETTLEMENT TERMS

#### A. The Second Supplemental Settlement Agreement

Pursuant to the Second Supplemental Settlement Agreement, YouTube has agreed to provide a settlement fund of $932,901.01 to be distributed by Settlement Class Counsel and the Claims Administrator as has been done with other Class Members. ECF No. 102-3, Ex. 1. Because the Settlement Agreement does not require class members to present individualized proof of a diagnosis or of damages in order to claim additional compensation, class members here will receive payments more swiftly. Any funds remaining following the Per Capita Payments, including payments due to expired or returned checks or rejected electronic payments, will be distributed to the *cy près* recipient approved by this Court. ECF No. 63 at 15. The parties request that this Court approve the International Society for Traumatic Stress Studies as the *cy près* recipient. *Id*.

### IV. NOTICE TO THE CLASS

Keeping with the first settlement, the Court appointed Verita Global ("Verita") as the settlement administrator. ECF No. 112. Notice was provided to the class members pursuant to the Court approved notice plan. *Id.* Murray Decl. ¶¶ 5–9.  Notice was provided by e-mail and/or mailed by postcard to all class members; notice was received electronically by over 95% of the class. Murray Decl., ¶¶ 8–9. As of the establishment of the website from October 28, 2022, to October 20, 2024, there have been 4,193 users, 8,481 session/hits (i.e. active visits to the website), and 16,963 page views of the website. Murray Decl., ¶ 10. As of the recent notice mailing, October 17, 2024, there have been 30 users, 39 session/hits (i.e. active visits to the website), and 147 page views of the website. Murray Decl., ¶ 10. As of October 21, 2024, the staffed hotline has received a total of 482 calls. Murray Decl., ¶ 11.

### V. ARGUMENT

Per Rule 23(e) of the Federal Rules of Civil Procedure, a class action may neither be dismissed, compromised, nor settled without court approval. *See* William B. Rubenstein, 4 *Newberg on Class Actions* §§ 13:39 *et seq.* (5th ed. 2014) ("Newberg"). Before a court can grant approval, the settlement must be submitted to the members of the class for approval. Fed. R. Civ. P. 23(e)(1). Thus, to approve a settlement, a court must preliminarily certify a settlement class and

4

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SECOND SUPPLEMENTAL
CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS
Case No. 4:20-cv-07493-YGR

preliminarily approve the settlement, which this Court has done. Fed. R. Civ. P. 23(e); *see* ECF No. 112. Class members must be given notice, which has occurred. Fed. R. Civ. P. 23(3)(1); *see* Murray Decl. ¶¶ 5-9. The only remaining step is a fairness hearing at which class members may be heard regarding the settlement and counsel may introduce evidence and present argument concerning the fairness, adequacy, and reasonableness of the settlement. Fed. R. Civ. P. 23(e)(2). This procedure safeguards class members' due process rights and enables the Court to fulfill its role as the guardian of class interests. *See McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 607 (9th Cir. 2021) (citing *In re Bluetooth Prods. Liab. Litig.*, 654 F.3d 935, 945–46 (9th Cir. 2011); *Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1043 (9th Cir. 2019)).

### A. The Settlement Class

The Settlement Class, as defined in the settlement agreement and preliminary approved by the Court consists of:

> [A]ll Content Moderators (other than Excluded Persons) who performed work in the United States as an employee or subcontractor of a YouTube Vendor from January 1, 2016, to September 22, 2022.

ECF No. 112 at 3; ECF No. 102-3 at 2. This class excludes:

> (a) the Settlement Administrator; (b) employees, officers, and directors of YouTube; (c) any judge presiding over the Action and that judge's immediate family members; and (d) Persons who properly and timely opt out of the Settlement Class by submitting a Request for Exclusion in accordance with Section 8.1.

ECF No. 102-3 at 2. When granting preliminary approval, the Court found:

> for purposes of settlement, plaintiffs have satisfied the requirements of Rule 23(a) as well as the requirements for certification under one or more subsections of Rule 23(b). Therefore, the proposed class is conditionally certified pursuant to Rule 23(c) for the same reasons the Court found in its previous orders approving settlement. (Dkt. Nos. 62, 63, 81.)

ECF No. 112 at 3–4.

### B. The Court-Approved Notice Program Satisfied Due Process and Has Been Fully Implemented.

The Court-approved notice plan has been implemented. *See* Section IV, *supra;* Murray Decl. ¶¶ 5–9. As implemented, this program satisfies due process.

A court cannot approve a class action settlement in the absence of adequate notice. *Elder v.*

5

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SECOND SUPPLEMENTAL
CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS
Case No. 4:20-cv-07493-YGR

*Hilton Worldwide Holdings, Inc.*, No. 16-CV-00278-JST, 2021 WL 4785936, at *3 (N.D. Cal. Feb. 4, 2021) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). "[U]pon ordering notice under Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3)[,] the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Notice may be made by U.S. mail, electronic means, or another type of appropriate means. *Id*. To protect class members' due process rights:

> The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.*; *see also Martin v. Toyota Motor Credit Corp.*, No. 220CV10518JVSMRW, 2022 WL 17038908, at *9 (C.D. Cal. Nov. 15, 2022). A settlement notice is a summary, not complete source, of information. *See, e.g.*, *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1153 (8th Cir. 1999); *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 170 (2d Cir. 1987); *Mangone v. First USA Bank*, 206 F.R.D. 222, 233 (S.D. Ill. 2001). The Ninth Circuit requires that the notice contain a general description of the proposed settlement. *Churchill Vill. L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374–75 (9th Cir. 1993); *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1351–52 (9th Cir. 1980).

The notice plan approved and implemented herein is the best notice practicable under the circumstances. ECF No. 102 at 5–9; ECF No. 112 at 5. The notice plan complied with all Northern District guidelines, including the Northern District's Procedural Guidance for Class Action Settlements. *Id*. The Court ruled:

> The proposed notice plan appears to be constitutionally sound in that plaintiff has made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal

law.

ECF No. 112 at 5. The notice clearly provided a description of who is a member of the class and the binding effects of class membership. Charest Decl., Ex. 1. The notice further explained how to exclude oneself from the class, how to lodge an objection to the proposed Settlement, how to obtain copies of papers filed in this case, and how to contact Settlement Class Counsel. Charest Decl., Ex. 1. Moreover, the notice explained that it only provided a summary of the Settlement, that the Settlement is on file with the District Court, and also available online at: http://contentmoderatorytsettlement.com/. Charest Decl., Ex. 1.

### C. The Settlement Is Fair, Reasonable, and Adequate and Should be Finally Approved.

The standards for approval of class action settlements are well-established. First, strong judicial policy supports the resolution of class action suits by compromise and settlement. *See, e.g.*, *Churchill Vill.*, 361 F.3d at 576; *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982) ("[V]oluntary conciliation and settlement are the preferred means of dispute resolution"). "[T]here is an overriding public interest in settling and quieting litigation," and this is "particularly true in class action suits . . . ." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976).

Second, "the decision to approve or reject a settlement is committed to the sound discretion of the trial judge" who is "'exposed to the litigants, and their strategies, positions and proof.'" *Hanlon*, 150 F.3d at 1026 (quoting *Officers for Justice*, 688 F.2d at 626). In exercising such discretion, courts should give:

> proper deference to the private consensual decision of the parties. . . . "[T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.

*Id.* at 1027 (quoting *Officers for Justice*, 688 F.2d at 626).

Furthermore, in reviewing a proposed class action settlement, the Ninth Circuit has held:

> [T]he universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable. The district court's ultimate determination will necessarily involve a balancing of several factors which may include, among others,

some or all of the following: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Officers for Justice*, 688 F.2d at 625 (citations omitted); *accord Torrisi*, 8 F.3d at 1375. "Where, as here, a proposed class settlement has been reached after meaningful discovery, after arm's length negotiation, conducted by capable counsel, it is presumptively fair." *M. Berenson Co. v. Faneuil Hall Marketplace, Inc.*, 671 F. Supp. 819, 822 (D. Mass. 1987). All relevant factors identified by the Ninth Circuit strongly favor final approval here.

### 1. The Settlement Eliminates Significant Risk to the Class.

Final approval of a class action settlement is warranted when "there are significant barriers plaintiffs must overcome in making their case." *Elder,* 2021 WL 4785936, at *5; *see also Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010). Thus, the inherent difficulties and risks associated with litigation weigh in favor of approving a class settlement. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009).

Here, the decision was made by Plaintiff in the first class action settlement to waive further litigation against YouTube in favor of settlement, eliminating the risk and uncertainties associated with class action litigation. Plaintiff weighed the advantages of immediate financial relief and changes in the working conditions of YouTube's content moderators against the lengthy and inherent risks associated with furthering this litigation and potential appeals and determined that immediate financial relief outweighed the risk associated with further litigation with YouTube. *Larsen v. Trader Joe's Co.*, No. 11-CV-05188-WHO, 2014 WL 3404531, at *4 (N.D. Cal. July 11, 2014) (citing *Rodriguez,* 563 F.3d at 966). "Avoiding such unnecessary and unwarranted expenditure of resources and time would benefit all parties, as well as conserve judicial resources." *Id.* (citing *Garner v. State Farm Mut. Auto. Ins. Co.*, CV 08 1365 CW EMC, 2010 WL 1687832, at *10 (N.D. Cal. Apr. 22, 2010)).

Accordingly, this factor also weighs in favor of approving the settlement.

### 2. The Settlement Provides a Considerable Benefit to the Class.

The settlement payments equal those received by the original class members (approximately $3,296.47). This payment provides an excellent benefit to the class. ECF No. 112 at 2. The Settlement treats all class members equally in distributing funds on a per capita basis. The settlement also provides each Class Member with autonomy to select the use for the award that is most appropriate of that Class Member's particular situation. In addition to the financial compensation for damages they have sustained, current and future content moderators will be able to take advantage of the significant changes to workplace conditions required by the Settlement Agreement.

### 3. Experienced Class Counsel Believe the Settlement is Advantageous to the Class.

"Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *Larsen*, 2014 WL 3404531, at *5 (citing *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir.1995)). Moreover, a court is "entitled to give consideration to the opinion of competent counsel that the settlement [is] fair, reasonable, and adequate." *Ching v. Siemens Industry*, 2014 WL 2926210, at *6 (N.D. Cal. June 27, 2014). "The recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *In re Omnivision Technologies, Inc.*, 559 F. Supp. 2d 1036,1043 (N.D. Cal. 2008) (quoting *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979)). Here, Plaintiff's counsel has extensive experience representing plaintiffs across the country in complex litigation, including matters involving antitrust and consumer protection. As "[t]here is nothing to counter the presumption that [Class] Counsel's recommendation is reasonable," *Omnivision*, 559 F. Supp. 2d at 1043, their experience and views of the Settlement "weighs in favor of its approval," *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 14-CV-2058 JST, 2017 WL 565003, at *4 (N.D. Cal. Feb. 13, 2017). Class Counsel's experience and endorsement thus supports granting final approval to the Settlement.

### 4. The Settlement is the Product of Arm's-Length Negotiation by Informed and Experienced Counsel.

According to Ninth Circuit precedent, the Court must examine the Settlement for additional indicia of collusion that would undermine seemingly arm's length negotiations. *Elder*, 2021 WL 4785936, at *7; *see McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 607 (9th Cir. 2021) (identifying these indicia as the *Bluetooth* factors). These indicia include: (1) a disproportionate distribution of the settlement fund to counsel; (2) negotiation of a "clear-sailing arrangement"; and (3) an arrangement for funds not awarded to revert to defendant rather than to be added to the settlement fund. *McKinney-Drobnis*, 16 F.4th at 607–08. If "multiple indicia of possible implicit collusion" are present, a district court has a "special 'obligat[ion] to assure itself that the fees awarded in the agreement were not unreasonably high.'" *Elder*, 2021 WL 4785936, at *7 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003)).

As with the original class settlement, the Settlement is not the product of collusion but rather a result of hard-fought, arm's-length negotiations, including extensive informal discovery and settlement negotiations. Moreover, the settlement includes no provision for attorney fees, no clear-sailing provision, and no reversion of any of the settlement fund to YouTube. Accordingly, this factor weighs in favor of final approval.

### 5. Required CAFA Notice Has Been Provided.

Under 28 U.S.C. § 1715(b), "[n]ot later than 10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement shall serve upon the appropriate State official each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement . . . ." Accordingly, the Preliminary Approval Motion stated, "Defendant will provide any required CAFA notice." ECF No. 102 at 8. YouTube filed a notice that it did not oppose the motion and "respectfully request[ed] that the Court grant" the motion. ECF No. 107 at 2. CAFA notice was sent on September 27, 2024. Murray Decl. ¶ 2. When the CAFA notice period passes, Plaintiff will notify the Court whether or not any government entities objected pursuant to the CAFA notices.

10

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SECOND SUPPLEMENTAL CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS
Case No. 4:20-cv-07493-YGR

### 6. Counsel Should be Compensated for Their Time and Costs Securing and Distributing this Additional Relief.

Class Counsel spent significant time and effort investigating and determining why an additional group of class members existed, verifying and double- and triple-checking the information being collected and provided, vetting the claims of potential class members to determine who should be included in this round, and then securing the relief and updating and implementing a notice and administration program to give notice to the class and to carry out the settlement. A reasonable attorneys' fee is thus appropriate. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Staton v. Boeing Co.,* 327 F.3d 938, 967 (9th Cir. 2003).

The settlement is of great benefit to the Class, providing total cash consideration of $932,901.01 and resulting in a gross award of $3,296.47 per Class Member. Each Class Member will receive a per capita distribution. Paying reasonable attorneys' fees from the common fund compensates Class Counsel for bringing and prosecuting this action and providing concrete relief to the new Class Members.

This Court previously awarded attorneys' fees in the sum of 30% of the common fund as a fee award, and Settlement Class Counsel respectfully requests that same amount be awarded from the present settlement to reflect the work they have done to date and will continue to be doing as this settlement is administered. The same reasons which justified that award justify a similar order now. This all-cash settlement, which will be distributed to all or almost all class members, is a significant and valuable result for the class and a lodestar cross-check shows that there will be no windfall to class counsel.

In bringing this case, Class Counsel utilized their own funds and resources to prosecute the action. To date, Class Counsel has incurred expenses of $5,466.34. Williams Del., ¶ 13; Charest Decl., ¶ 8. All costs and expenses were directly advanced by Class Counsel. Williams Decl. ¶ 13; Charest Decl. ¶ 8. Because only two firms worked on this case, the burden on Class Counsel was higher than that found in cases in which multiple firms participated. In addition to these costs, Class Counsel has secured an estimate for notice and claims administration of approximately $30,000.00. Class Counsel is optimistic this sum can be lowered. The notice to the Class in this case advised

11

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SECOND SUPPLEMENTAL CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS
Case No. 4:20-cv-07493-YGR

that reimbursement of costs would seek no more than $32,524.00 in costs and Class Counsel will not seek any amount greater than this.

Based on their hours worked at their standard hourly rates, Steven Williams Law, P.C.'s lodestar is $42,250.00 and Burns Charest's lodestar is $173,900.00. Williams Decl. ¶ 9; Charest Decl. ¶ 7. Class Counsel's total lodestar is thus $216,650.00. Williams Decl., ¶ 9. The requested fee of 30% of the common fund therefore amounts to a multiplier of 1.3. Courts "routinely enhance[] the lodestar to reflect the risk of non-payment in common fund cases." *Vizciano v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002) (quoting *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994). When performing a lodestar cross-check in percentage-of-the-fund cases, courts commonly approve percentages that produce an award equivalent to the lodestar with a multiplier between 1.5 and 3.0. *See id.* at 1051 & n.6. Therefore, in light of the excellent results obtained for the Class, the novelty of the legal claims, and the risks undertaken by Class Counsel, the lodestar crosscheck confirms the appropriateness of the requested fee award.

For the reasons set forth above, Class Counsel requests the Court grant their Motion for payment of $279,870.30 in attorneys' fees and $32,524.00 in reimbursable costs.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully submits that the Court should enter an order granting the motion for payment in attorneys' fees and reimbursable expenses and enter an order granting final approval of the Settlement and issue a final judgment of dismissal with prejudice as to the Settling Defendant submitted herewith.

| | |
|---|---|
| Dated: October 22, 2024 | Respectfully Submitted, |
| | STEVEN WILLIAMS LAW, P.C. |
| | By: */s/ Steven N. Williams* |
| | STEVEN N. WILLIAMS |
| | |
| | Steven N. Williams (State Bar No. 175489) |
| | **STEVEN WILLIAMS LAW, P.C.** |
| | 201 Spear Street, Suite 1100 |
| | San Francisco, CA 94105 |
| | Telephone: (415) 697-1509 |
| | Facsimile: (415) 230-5310 |
| | Email: swilliams@stevenwilliamslaw.com |
| | |
| | Daniel H. Charest (admitted *pro hac vice*) |
| | Connor Weldon (admitted *pro hac vice*) |
| | **BURNS CHAREST LLP** |
| | 900 Jackson Street, Suite 500 |
| | Dallas, TX 75202 |
| | Telephone: (469) 904-4550 |
| | Facsimile: (469) 444-5002 |
| | Email: dcharest@burnscharest.com |
| | cweldon@burnscharest.com |
| | |
| | Harry R. Yelton (admitted *pro hac vice*) |
| | **BURNS CHAREST LLP** |
| | 201 Saint Charles Avenue, Suite 2900 |
| | New Orleans, Louisiana 70170 |
| | Telephone: (504) 799-2845 |
| | Facsimile: (504) 881-1765 |
| | Email: ryelton@burnscharest.com |
| | |
| | *Settlement Class Counsel* |

13

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SECOND SUPPLEMENTAL
CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS
Case No. 4:20-cv-07493-YGR

# CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

/s/ *Steven N. Williams*
Steven N. Williams

14

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SECOND SUPPLEMENTAL CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS
Case No. 4:20-cv-07493-YGR