United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JANE DOE,**<br><br>　　　　Plaintiff**,**<br><br>　　vs.<br><br>**YOUTUBE, INC.,**<br><br>　　　　Defendant**.** | CASE NO. **4:20-CV-07493-YGR**<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS; JUDGMENT**<br><br>Dkt. Nos. 114 |

The Court previously granted a motion for preliminary approval of the Class Action Settlement between plaintiff Jane Doe and defendant YouTube, Inc. on September 18, 2024. (Dkt. No. 112.) As directed by the Court's preliminary approval order, on October 22, 2024, plaintiff filed her unopposed motion for final approval of settlement, attorneys' fees, costs, and service awards. (Dkt. No. 114.) The Court held a fairness hearing on final approval of settlement on December 17. 2024. The Court **GRANTS** the motion for final approval and attorneys' fees.

Having considered the motion briefing, the terms of the Settlement Agreement, the objections and response thereto, the arguments of counsel, and the other matters on file in this action, the Court **GRANTS** the motion for final approval. The Court finds the settlement fair, adequate, and reasonable. The provisional appointments of the class representative and class counsel are confirmed.

The Motion for Attorneys' Fees and Costs is **GRANTED**. The Court **ORDERS** that class counsel shall be paid $279,870.30 in attorneys' fees and $32,524.00 in litigation costs.

## I. BACKGROUND

### A. Procedural History

This is the second order granting final approval to the settlement in this case, and the Court assumes familiarity with this case's background. The Court previously granted preliminary and final approval in this action. (Dkt. Nos. 62, 63, 81.) However, as the settlement was being administered, the parties discovered additional putative class members that the parties intended to include in the initial settlement but who were inadvertently excluded due to an oversight. (Dkt. No. 102-1 at 2.) The parties then investigated the issue and now believe they have a complete list of additional putative class members who were omitted in the first round of settlement approvals. (*Id.*) This list encompasses 283 additional content moderators who performed work for YouTube in the United States during the period of January 1, 2016 to September 30, 2022. (*Id.*) Plaintiff, on behalf of the newly identified putative class members, and defendant have agreed to provide the additional content moderators with settlement payments equal to those received by the initially approved class members, with the same rights and remedies as the original class members. The Court granted limited relief from the initial final judgment in this case for the sole purpose of moving to approve a second supplemental settlement agreement with the 283 newly identified putative class members. (Dkt. No. 109.) The Court then preliminarily approved the new settlement agreement adding the previously excluded class members. (Dkt. No. 112.)

### B. Terms of the Settlement Agreement

Under the terms of the Settlement Agreement, defendant will pay $932,901.01 into a common settlement fund, without admitting liability. This amount includes attorneys' fees and costs, and the cost of class notice and settlement administration.

#### *1. Attorneys' Fees and Costs*

Under the Settlement Agreement, plaintiff's counsel agreed to seek up to 30% of the common fund amount of $932,901.01, resulting in $279,870.30 in attorneys' fees and no more than $32,524.00 in litigation costs.

*2.     Class Relief*

After deductions from the common fund for fees, costs, and service incentive awards, approximately $3,296.47 will be distributed to each participating class member. Class members will be paid equally on a per capita basis. The Agreement provides that no amount will revert to defendant.

*3.     Cy Pres/Remainder*

The Settlement Agreement provides that after 90 days, any funds from any unredeemed checks will be paid to the *cy pres* recipient, the International Society for Traumatic Stress Studies. In exchange for the settlement awards, class members will release claims against defendants as set forth in the Settlement Agreement at section 6.

**C.     Class Notice and Claims Administration**

The Settlement Agreement is being administered by Verita. Following the Court's preliminary approval and conditional certification of the settlement, Verita provided notice to the class members via email and mail.

The Class Administrator also established a settlement website (the "Settlement Website") at https://contentmoderatorytsettlement.com/, including the settlement notices, the procedures for class members to submit claims or exclude themselves, a contact information page that includes address and telephone numbers for the claim administrator and the parties, the Settlement Agreement, and the signed order of preliminary approval. In addition, the motion for final approval and the application for attorneys' fees, costs, and incentive awards were uploaded to the website after they were filed. The Class Administrator also operated a toll-free number for class member inquiries.

Class members were given until November 26, 2024, to object to or exclude themselves from the Settlement Agreement. Out of 283 total class members, no persons filed timely requests to opt out of the Settlement Class.

**II.     FINAL APPROVAL OF SETTLEMENT**

**A.     Legal Standard**

A court may approve a proposed class action settlement of a class only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class

3

certification. Fed. R. Civ. P. 23(e)(2). In reviewing the proposed settlement, a court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *See Hanlon v. Chrysler Corp.*, 150 F.3d at 1027. The *Hanlon* court identified the following factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

**B.     Analysis**

*1.     The Settlement Class Meets the Prerequisites for Certification*

As the Court found in its order granting preliminary approval and conditional certification of the settlement class herein, the prerequisites of Rule 23 have been satisfied purposes of certification of the Settlement Class. (*See* Dkt. No. 112 at 3.)

*2.     Adequacy of Notice*

A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr.*

4

1  *Co.*, 339 U.S. 306, 314 (1950).

2        After the Court expressed initial concerns with the long-form notice form, the parties proposed and the Court approved an updated notice form. (Dkt. No. 112 at 5.) The Court found the parties' updated notice procedures provided the best notice practicable and was reasonably calculated to apprise Class members of the settlement and their rights to object or exclude themselves. (Dkt. No. 112 at 4.) Pursuant to those procedures, the Class Administrator carried out that program. (Dkt. No. 118-1 ¶ 2.) The Class Administrator reports that notice was received electronically by over 98% of the class. (*Id.* ¶ 6.) On October 17, 2024, a single postcard Summary Notice was mailed to 281 Class Members. Prior to mailing, the address was checked against the National Change of Address (NCOA) database maintained by the United States Postal Service (USPS); certified via the Coding Accuracy Support System (CASS); and verified through Delivery Point Validation (DPV). A total of 46 addresses were found and updated via NCOA. (*Id.* at ¶ 7.)

Based upon the foregoing, the Court finds that the Settlement Class has been provided adequate notice.

### *3. The Settlement Is Fair and Reasonable*

As the Court previously found in its order granting preliminary approval, the *Hanlon* factors indicate the settlement here is fair and reasonable and treats class members equitably relative to one another. (Dkt. No. 112 at 4.)

The reaction of the class was overwhelmingly positive. The Court received no objections and no opt-outs as of the November 26, 2024 deadline. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *In re Omnivision Techs., Inc.*, 559 F.Supp.2d 1036, 1043 (N.D. Cal. 2008) (citation omitted); *see also Churchill Vill.*, 361 F.3d at 577 (holding that approval of a settlement that received 45 objections (0.05%) and 500 opt-outs (0.56%) out of 90,000 class members was proper).

In its preliminary approval order, the Court approved the proposed plan of allocation. (Dkt. No. 112 at 4.) That plan is the same as what the Court previously approved, preliminarily and finally. (*See* Dkt. Nos. Dkt. Nos. 62, 63, 81.) The Court finds the plan of allocation to be fair

1  and reasonable and to treat class members equitably and therefore approves that plan of allocation.

### *4. Objections*

No individuals submitted objections.

### *5. Other Findings*

The parties provided the required notice to federal and state attorneys general under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b). (Dkt. No. 114 at 10.) Defendant sent CAFA notice on September 27, 2024. (*Id.*) On December 29, 2024, parties submitted a notice confirming that no objections or responses have been received within the 90-day statutory notice period. (Dkt. No. 121.)

### *6. Certification Is Granted and the Settlement Is Approved*

After reviewing all of the required factors, the Court finds the Settlement Agreement to be fair, reasonable, and adequate, and certification of the Settlement Class as defined therein to be proper. The following persons are excluded from the Settlement Class: (a) the Settlement Administrator; (b) employees, officers, and directors of YouTube; (c) any judge presiding over the Action and that judge's immediate family members.

The *cy pres* recipient, International Society for Traumatic Stress Studies, is **APPROVED**.

## III. MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE AWARDS

Attorneys' fees and costs may be awarded in a certified class action under Federal Rule of Civil Procedure 23(h). Such fees must be found "fair, reasonable, and adequate" in order to be approved. Fed. R. Civ. P. 23(e); *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003). To "avoid abdicating its responsibility to review the agreement for the protection of the class, a district court must carefully assess the reasonableness of a fee amount spelled out in a class action settlement agreement." *Id.* at 963. "[T]he members of the class retain an interest in assuring that the fees to be paid class counsel are not unreasonably high," since unreasonably high fees are a likely indicator that the class has obtained less monetary or injunctive relief than they might otherwise. *Id.* at 964.

Class counsel requests an attorneys' fee award of $279,870.30. Based on the detailed time records submitted by counsel, the attorneys' fees sought amount to approximately 1.3 times the lodestar. Defendants do not oppose the fee request.

6

The Court analyzes an attorneys' fee request based on either the "lodestar" method or a percentage of the total settlement fund made available to the class, including costs, fees, and injunctive relief. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). The Ninth Circuit encourages courts to use another method as a cross-check in order to avoid a "mechanical or formulaic approach that results in an unreasonable reward." *In re Bluetooth*, 654 F.3d at 944–45 (citing *Vizcaino,* 290 F.3d at 1050–51.)

Under the lodestar approach, a court multiplies the number of hours reasonably expended by the reasonable hourly rate. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) ("[A] court calculates the lodestar figure by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. A reasonable hourly rate is ordinarily the 'prevailing market rate [] in the relevant community.'"). Under the percentage-of-the-fund method, courts in the Ninth Circuit "typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure." *In re Bluetooth*, 654 F.3d at 942 (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). The benchmark should be adjusted when the percentage recovery would be "either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers*, 904 F.2d at 1311. When using the percentage-of-recovery method, courts consider a number of factors, including whether class counsel " 'achieved exceptional results for the class,' whether the case was risky for class counsel, whether counsel's performance 'generated benefits beyond the cash settlement fund,' the market rate for the particular field of law (in some circumstances), the burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work), and whether the case was handled on a contingency basis." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015) (quoting *Vizcaino*, 290 F.3d at 1047-50. "[T]he most critical factor [in determining appropriate attorney's fee awards] is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

Using the percentage-of-the-fund method, the Court finds the attorneys' fees sought to be reasonable. The Court has also considered a cross-check using the lodestar method.

The combined lodestar figure for both class counsel firms is 266.5 hours (41 + 225.5 hours) at various rates for a total of $216,650.00. Plaintiff claims hourly rates that are commensurate with their experience and with the legal market in this district. The Court finds that the hours claimed were reasonably incurred and that the rates charged are reasonable and commensurate with those charged by attorneys with similar experience in the market. The Court also finds that Class Counsel represented their clients with skill and diligence and obtained an excellent result for the class, taking into account the possible outcomes and risks of proceeding trial.

Here, the parties estimated the total settlement value to be $932,901.01. The attorneys' fees requested of $279,870.30 would come to 30% of this total.

Based on the foregoing, the Court finds an award of attorneys' fees in the amount of $279,870.30 to be fair, reasonable, and adequate.

### B.     Costs Award

Class counsel is entitled to reimbursement of reasonable out-of-pocket expenses. Fed. R. Civ. P. 23(h); *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters). Costs compensable under Rule 23(h) include "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Here, class counsel seeks reimbursement for litigation expenses, and provides records documenting those expenses, in the amount of $32,524.00. The Court finds this amount reasonable, fair, and adequate.

### C.     Incentive Award

The Court previously granted final approval for class representative Doe for the requested incentive award of $20,000. (Dkt. No. 81 at 10.) This order does not alter its prior ruling regarding the incentive award, nor does it add any additional amount to the incentive award.

### IV.    CONCLUSION

Based upon the foregoing, the motion for final approval of class settlement is **GRANTED**. The motion for attorneys' fees, costs, and service awards is **GRANTED IN PART** as follows: Class Counsel is awarded $279,870.30 in attorneys' fees and $32,524.00 in litigation costs.

Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that final judgment is **ENTERED** in accordance with the terms of the Settlement, the Order Granting Preliminary Approval of Class Action Settlement filed on September 18, and this order. This document constitutes a final judgment (and a separate document constituting the judgment) for purposes of Rule 58, Federal Rules of Civil Procedure.

The parties shall file a post-distribution accounting in accordance with this District's Procedural Guidance for Class Action Settlements no later than **May 30, 2025**. The Court **SETS** a compliance deadline on **June 6, 2025,** on the Court's 9:01 a.m. calendar to verify timely filing of the post-distribution accounting.

**IT IS SO ORDERED.**

This terminates Docket No. 114.

Dated: December 30, 2024

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**